ABRAM S. ONDERDONK, RESPONDENT, *v.* JACOB VOOR-HIS, JR., ET AL., APPELLANTS.

*Mechanic's Lien on Vessel—Bond to Release—Admission of Regularity.—Laws* 1862, *ch.* 482.

In an action upon a bond given according to the statute, to procure the release of a vessel seized by a warrant to enforce the mechanic's lien for repairing the same, it is unnecessary for the Plaintiff to go behind the bond and show the regularity of the prior proceedings.

The giving of the bond by the Defendants to procure the release of the vessel is prima facie an admission of the regularity of such proceedings.

PARKER, J.—The Defendant, Jacob Voorhis, Jr., was the owner of the schooner "Signal," and employed the Plaintiff, who was a ship-carpenter at Nyack, in the county of Rockland, to repair her. She was, in the fall of 1862, hauled up at Plaintiff's yard, in Nyack, and repaired. The repairs were completed on the third day of December, and she was then taken possession of by Defendant. The Plaintiff made out a bill for her repairs, amounting to $813.76, which, being deemed unreasonable by Defendant, he refused to pay. The Plaintiff then proceeded under the act entitled "An Act to provide for the collection of demands against ships and vessels," passed April 24, 1862 (Laws of 1862, chap. 482, p. 956), and filed specifications of his lien, consisting of a statement of the amount claimed to be due him for work done and materials furnished toward the repairing and equipping, within the county of Rockland, of the schooner "Signal," and a bill of particulars appended thereto, with an affidavit, sworn to by him, of the correctness of the statement and bill of particulars.

The vessel having been taken to New York, the Plaintiff applied to one of the justices of the Supreme Court, and obtained a warrant to enforce his lien and collect the amount; and thereupon the Defendant, Jacob Voorhis, Jr., with the other two Defendants as his sureties for the purpose of discharging the warrant, on the 17th of December, 1862, gave a bond, such as is provided for by section 11 of said Act, in the penalty of $2,000,

reciting the seizure of the vessel by the sheriff of New York, by virtue of the warrant issued on the 13th day of December, 1862, and conditioned that, if the obligors shall pay the amount of any and all claims and demands which shall be established to be due to said Abram S. Onderdonk, and to have been a subsisting lien upon such vessel, pursuant to the provisions of said act, at the time of exhibiting the same, then the obligation to be void; else to remain in full force and virtue. Upon the execution and delivery of this bond the warrant was discharged, and on the 20th day of December, 1862, this action was commenced in the Supreme Court of the city of New York upon the bond.

The action was tried before a referee, who reported in favor of the Plaintiff, finding, as conclusions of fact:

*First.* That the Defendants duly executed and delivered the bond alleged and set forth in the complaint herein, as therein alleged.

*Second.* That the Plaintiff herein had a subsisting lien upon the vessel referred to in said bond, being the schooner " Signal," at the time of the execution and delivery of said bond, and the amount thereof was justly six hundred dollars; and this sum was due from the Defendant, Jacob Voorhis, Jr., for work, labor, and materials done and furnished in and about the repair of said schooner.

As a conclusion of law, he found that the Plaintiff was entitled to recover the said sum of $600, with interest from December 17, 1862; in all, $631.50, for which, besides costs, judgment was entered.

The Defendants appealed to the General Term, when the judgment was affirmed. From the judgment of affirmance they have brought the case, by appeal, to this Court.

The Defendants, upon the trial, moved for a nonsuit, on the ground " that the Plaintiff had not proved the material allegations of his complaint."

The motion was properly denied. The ground upon which it is claimed it should have been granted is, that the Plaintiff had not shown his proceedings under the act above referred to, which

entitled him to his warrant, and so made the bond necessary to discharge the warrant and release the vessel from it.

It was not necessary for the Plaintiff to prove the proceedings had under the act, prior to the execution of the bond. Primâ facie, the voluntary giving of the bond was evidence of the due issuing of the warrant under which the schooner was seized, as recited in the bond, and no further proof of that fact was necessary. It was held by the Court for the Correction of Errors, in Kanouse *v.* Dormedy (3 Denio, 567), that in a suit upon a bond given to discharge an attachment, obtained under the statute authorizing attachments against absconding, concealed, and non-resident debtors (2 R. S. 12, § 55, 1st ed.), " the Plaintiff is not bound to show the facts necessary to give jurisdiction to the officer who issued the attachment, or that the case was one in which an attachment might be issued according to the statute." The Chancellor, in giving the opinion of the Court, says : " Where the execution of the bond is admitted or proved upon the trial, and the breach of the condition thereof is also proved, the onus of establishing the fact that the bond was improperly obtained by coercion or otherwise, as by an illegal and unauthorized imprisonment of the Defendants, or in consequence of an illegal detention of their goods, under color of an attachment granted by an officer who had no authority to issue the same, is necessarily thrown upon them."

The case of Ring *v.* Gibbs (26 Wend. 502), in the same court, is an authority to the same effect. That was an action upon a bond given to release from attachment a ship against which summary proceedings had been had under the statute (2 R. S. 493, 1st ed). The declaration set forth the bond, with its condition to pay all such demands as should be established to have been subsisting liens upon the vessel, etc. ; averred that there was justly due the Plaintiff the sum claimed, and that the same was a subsisting lien, etc. ; and assigned as a breach, that the said sum had not been paid, etc. ; but omitted to state the proceedings resulting in the issuing and levy of the attachment, and the giving of the bond. The Supreme Court was inclined to hold that the statement of such proceedings was necessary ; but finding other grounds

on which it deemed the judgment erroneous, put its reversal on them. Judge Cowen, in delivering the opinion of the Supreme Court, said: " I am inclined to think that, in general, the declaration upon a bond avowedly sought to be enforced pursuant to a statute authorizing it to be taken under an act of summary coercion, should show the juncture of circumstances which the law requires as giving the right to demand it. Here the bond is to be demanded and taken by virtue of certain specified steps in derogation of the common law, and which the statute has prescribed with great particularity. But as we think the declaration is defective in other respects, it is not necessary to pass definitively on this question, nor do we mean to be understood as doing so."

The judgment was reversed for the other defects referred to.

The Court for the Correction of Errors reversed the judgment of the Supreme Court, holding that the declaration was not defective in those other respects, and also necessarily holding, though not stated in terms, that the point taken by the Defendant's counsel, both in the Supreme Court and in the Court of Errors, and thus adverted to by the Supreme Court, was not well taken; and that it was not necessary in an action on such a bond to aver or prove the facts giving the right to require it.

There is in the case at bar nothing to show that the bond is not a valid and binding obligation on the Defendants; and as this Court said on the recent case of Coleman *v.* Bean (32 How. 380): " We are not to assume, without proof, that the undertaking was executed under circumstances which make it void; but the contrary presumption is to be indulged if it is consistent with the testimony given and the testimony offered."

Upon the question whether the Plaintiff had a subsisting lien upon the vessel for the amount recovered, " at the time of exhibiting the same;" as required by the condition of the bond, to entitle him to recover, the finding of the referee, though not in terms to that effect, does, I think, sufficiently include it. The finding is, that the Plaintiff had a subsisting lien at the time of the execution and delivery of the bond. That time was on the 17th of December, 1862.

The warrant of attachment was issued, as appears by the recital in the bond, on the 13th December, 1862. The application for the attachment must, therefore, have been on that day or before.

The time of "exhibiting the same," referred to in the condition of the bond, is the time when application is made for the attachment; for then the applicant is required to "*exhibit*" and specify his claim, with certain particulars, to the officer to whom the application is made. If, then, lien existed on the 17th, it must have been a subsisting lien on the 13th. The *lien* begins when the indebtedness begins (§ 1, sub. 5, of said act); in this case, on the 3d December.

It continues, in all cases, at least twelve days after the departure of the vessel from the port at which the debt was contracted (§ 2). This vessel is shown to have left Nyack, where the debt was contracted, between the 5th and 12th of December.

Under the finding of the referee, in connection with the provisions of the statute and the undisputed facts, we may safely say, therefore, that the Plaintiff had the necessary lien to entitle him to recover.

The evidence offered by the Defendants, of the value of the vessel, was immaterial, and was properly excluded. The inquiry of the Defendant, Jacob Voorhis, Jr., when on the stand, in regard to his conversation with the Plaintiff, about referring the matter to Dickey, did not call out any answer which could have prejudiced the Defendants. The same may be said in regard to the question to Dickey, "Did Peter make any reference to the bill, or what was to be done in regard to it?" What Peter said to the witness Smith was properly admitted, for it was said in giving directions about the work, which there was evidence tending to show he was authorized by Defendant, Voorhis, to give. The attempt by Plaintiff to prove a custom peculiar to ship-yards, as to doing repairs, if improperly permitted, failed to do the Defendants any harm, as the answer was: "No peculiar custom, to my knowledge."

Upon the whole case, I see no error calling for a reversal of the

judgment, and am of the opinion that it should be affirmed with costs.    All concur.

Affirmed.

JOEL TIFFANY,

State Reporter.