Catherine N. Forrest, Respondent, *v.* Charles G. Havens, etc., Appellant.

Action for divorce; jurisdiction of the Superior Court of the. city of New York. Undertaking on appeal. The jurisdiction of the Superior Court of the city of New York, in actions for divorce, upon the ground of alleged adultery, was explicitly affirmed by this court in *Forrest* v. *Forrest* (25 N. Y. 501).

An undertaking given to effectuate an appeal under section 334 of the Code, and which recites, that the appellant, feeling aggrieved, etc., *intends to appeal*, etc., is not void as showing by the recital that the undertaking was executed before the appeal. There is no impropriety in the recital of the undertaking, that the party giving it *intends to appeal*. He forms the purpose to appeal, and the giving of an undertaking being an essential constituent to the completion of his purpose, it is not only truthful, but appropriate, to recite the fact in the instrument which is to effect that purpose. The two things are essential parts of one transaction, and are not only to be construed but to be taken together as necessary complements to a thing perfected by their joint agency.

A voluntary bond, not given under legal compulsion, but to procure a private benefit, is to be construed more liberally than one given to a public officer, where the rule of strict conformity is held with considerable stringency. Bacon, J.

An objection not taken upon the trial should not be listened to here.

*James T. Brady*, for the appellant.

*Charles O'Conor*, for the respondent.

Bacon, J. Upon the trial of this cause, the only available exception taken by the defendant's counsel was to the refusal of the judge to charge as requested, that the plaintiff could only recover nominal damages, for the reason that it appeared that the suit in which the undertaking of these defendants was given was a suit for a divorce prosecuted in the Superior Court, which had no jurisdiction to grant a divorce, and the Court of Appeals had no jurisdiction of the action in which the divorce was granted, and the undertaking was therefore void.

Upon the argument here, this exception is abandoned, as it well might be, after the decision of this court in *Forrest* v. *Forrest* (25 N. Y. 501) explicitly affirming the jurisdiction

of the Superior Court of the city of New York, in actions of divorce, upon the ground of alleged adultery. That court having jurisdiction, and having rendered a judgment in the cause, there was of course no question as to the power of this court to entertain the appeal.

In submitting this case to the final judgment of this court, the counsel for the appellant relies upon a single point to reverse the judgment. He insists that the undertaking upon which this action was brought is void on its face. The undertaking which bears date on the 2d day of June, 1860, and was filed on the 4th of that month, recites that the appellant feeling aggrieved, etc., *intends to appeal*, and then follows the obligatory part of the instrument. The Code (§ 327) provides that an appeal must be made by the service of a notice in writing, on the clerk and the adverse party, stating the appeal from the judgment, or some specified part thereof. By section 334 it is provided, that, to render an appeal effectual for any purpose, a written undertaking, with sureties, must be executed to pay all costs and damages. The argument of the counsel is this: "The appeal is not made until the notice is served, and is not effectual until the undertaking is given. Consequently, to render the undertaking valid, it should be executed cotemporaneously with and form a part of the appeal, whereas the undertaking, as it recites, was executed before the appeal." To this objection thus taken and presented, there are several very sufficient answers.

In the first place, the objection assumes that the notice and the giving of the undertaking were not cotemporaneous acts. The complaint avers that Forrest appealed on the 2d day of June, as by his notice in that behalf will appear, and upon that occasion the defendants in this suit executed the undertaking in question ; and on the trial, it is stated that the plaintiff gave in evidence the record of the judgment in the Superior Court, as set forth in the complaint which included the notice of appeal, and of course identifies its date, which synchronized with the giving of the undertaking.

Again, no such objection was taken upon the trial, and should not be listened to here. The counsel claims, that, being an objection which could not be obviated by proof, nor the defect cured, it may be availed of on appeal, although not before. But this is assuming what cannot be conceded; for if the point had been taken, the plaintiff's counsel might have proved as matter of fact, as indeed I think he did, by necessary implications, that the two acts were not separated by any interval of time, but were in truth cotemporaneous.

But there is no impropriety in the recital in the undertaking, that the party giving it intends to appeal. He forms the purpose to appeal, and the giving of an undertaking being an essential constituent to the completion of his purpose, it is not only truthful, but appropriate, to recite the fact in the instrument which is to effect that purpose. And it cannot be assumed that the undertaking is executed with reference to any other notice than the one actually given in the case which the undertaking recites. The two things are essential parts of one transaction, and are not only to be construed, but to be taken together as necessary complements to a thing perfected by their joint agency.

Finally, the undertaking in this case, although prescribed by statute, is not one given to a public officer, where the rule of strict conformity is held with considerable stringency. It is a voluntary bond, not given under any legal compulsion, but to procure a private benefit, to wit, an extension of time to pay a demand which the law had adjudged to be most meritorious and just. It has fully accomplished that object, which was, doubtless, all it was intended to subserve, and it would be a perversion of the ends of justice to allow an objection so baseless, and, in my view, so frivolous, to defeat a recovery so long resisted and so patiently waited for.

The judgment should be affirmed, with costs, and ten per cent damages for the delay.

All concurring,

Judgment affirmed.