GEORGE B. ROCKWELL, Appellant, *v.* WILLIAM BROWN, et al., Respondents.

A deed executed by a party in whom title is vested, expressing a valuable consideration as against him or those claiming under him, or as against a stranger, need not be supported by showing what other reason, in addition to the will of the party, led to its execution.

Insolvent and similar proceedings only need to be shown in order to give effect to deeds given by persons in whom the title is not vested and who derive their power to convey, from the statute and proceedings under which they are acting.

In an action of ejectment, plaintiff having proved title in one P., offered in evidence a deed from P. to himself, duly executed, expressing a consideration of one dollar, and also reciting that it was executed under and by virtue of the statute concerning voluntary assignments, and was made pursuant to the application of an insolvent and his creditors, and in pursuance of an order made by a county judge, etc.; the deed was objected to without previous proof of the insolvent proceedings and objections sustained. *Held* error, that the deed established a *prima facie* title.

(Argued March 17, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of defendants, entered upon an order denying motion for a new trial and directing judgment upon an order of the court at circuit dismissing plaintiff's complaint.

This was an action of ejectment, brought to recover certain premises situate in the city of New York. The facts sufficiently appear in the opinions.

*John Townshend* for the appellant. An assignment for the benefit of creditors, may be either voluntary or *in invitum*. (Burr on Assignments, 45 [2d ed.]; *Johnson* v. *Hunt*, 23 Wend., 95.) As every judgment or order of a court or judge is, by legal presumption, *in invitum*, so is also every act in obedience thereto. (Burr. L. Dict., "*In Invitum*.") The ordinary assignment by a bankrupt or insolvent is *in invitum*. (Story's Confl. of Laws, §§ 411, 413; *Doe* v. *Andrews*, 4 Bing., 348–364; *Holmes* v. *Remsen*, 4 J. Ch., 487.) A statutory obligation is not required to express any consideration on its face. (*Doolittle* v. *Dininny*, 31 N. Y., 350; *Thompson* v. *Blanchard*, 3 id., 335; *Beldersee* v. *Aden*, 62 Barb., 175.) A deed *in invitum* is binding upon the grantor. (Bouv. Law Dict., "Duress"; *Forrest* v. *Havens*, 38 N. Y., 471.) The grantor by executing such a deed, concedes the validity of the order under which he acts. (*Ford* v. *Townsend*, 1 Robt., 39; *Onderdonk* v. *Voorhies*, 2 id., 24; 36 N. Y., 350; *Winter* v. *Kenney*, 1 id., 368, 369.) The grantor having voluntarily exceeded in his deed the form prescribed by statute, is bound to the extent of such voluntary obligation. (*U. S.* v. *Linn*, 15 Pet., 290; *U. S.* v. *Bradley*, 10 id., 343; *U. S.* v. *Tingey*, 5 id., 115, 127; *U. S.* v. *Hodson*, 10 Wall., 395–408; *Ford* v. *Townsend*, 1 Robt., 39.) The deed being otherwise effectual, would not be prejudiced by the fact that it was executed with a view to confirm an ineffectual judgment. (*Striker* v. *Mott*, 28 N. Y., 90; *Jackson* v. *Stevens*, 16 J. R., 110; *Jackson* v. *Ball*, 1 J. Cas., 90; *Hill* v. *Hill*, 1 Barb., 49; *Moseley* v. *Moseley*, 15 N. Y.,

334.) Defendants are trespassers and cannot question plaintiff's deed, which is to all intents, a valid deed. (*Holmes* v. *Remsen*, 4 J. Ch., 487; *Roseboom* v. *Mosher*, 2 Den., 61.) An insolvent may, pending the insolvent proceedings, make a valid conveyance of his property. (*Bailey* v. *Burton*, 8 Wend., 339, 348.) The deed was good without the decree, therefore proof of the decree was unnecessary. (*James* v. *Stiles*, 14 Pet., 322; *Henrick* v. *Neely*, 10 Wall, 364; *Doe* v. *Edgar*, 2 Scott, 581; *Doe* v. *Heath*, 2 J. P. Smith, 1.) In this case the oath of the grantee to faithfully perform his duties, was not a condition to the vesting of the estate. (*Copeland* v. *Stephens*, 1 Barn. & A., 593; Tyler on Ejectment, 174; *Doe* v. *Andrews*, 4 Bing., 364; *Bishop* v. *Bedford*, 6 Jur. [N. S.], 220; 2 R. S., 41, § 6; id. 21, § 28; *U. S.* v. *Bradley*, 10 Pet., 344; *Hoag* v. *Hoag*, 35 N. Y., 475.)

*Thos. B. Browning* for the respondents. The deed to plaintiff can only be good under the statute concerning voluntary assignments as it expresses an intention to transfer title under that statute and that only. (*Brookman* v. *Hamill*, 43 N. Y., 555.) The officer before whom the proceedings were conducted, exercised a special jurisdiction, acquired only as prescribed by the statute. (3 R. S., 5th ed., 91; *Small* v. *Wheaton*, 4 E. D. S., 308; *Wyman* v. *Mitchell*, 1 Cow., 316; *Frary* v. *Dakin*, 7 J. R., 75; *Gilles* v. *Crawford*, 2 Hilt., 338; *Rusher* v. *Sherman*, 28 Barb., 416; *Merry* v. *Sweet*, 43 id., 475; affirmed 40 N. Y., 97; *Morewood* v. *Hollister*, 6 id., 309; *Ely* v. *Cooke*, 28 id., 365.) To give validity to the proceedings, jurisdiction of the officer must be affirmatively proved. (*Rigney* v. *Coles*, 6 Bosw., 486, 487; *Bloom* v. *Burdick*, 1 Hill, 139; *Staples* v. *Fairchild*, 3 N. Y., 41; *Ely* v. *Cooke*, 28 id., 374; *Brookman* v. *Hamill*, 43 id., 555.) No title vests in the assignee until he has taken the oath prescribed by the statute. (3 R. S. [5th ed.], 115, §§ 7, 8; *Hoag* v. *Hoag*, 35 N. Y., 474, 475; *Wood* v. *Chapin*, 13 id., 514, 515; *Phyfe* v. *Riley*, 15 Wend., 251.)

JOHNSON, C. The plaintiff, in order to make out a link in the chain of his title, having shown the fee to be vested in one Isaac V. Paddock, offered in evidence a deed executed by Paddock under hand and seal, and duly acknowledged and certified to entitle it to be read in evidence, conveying all his estate subject to certain exceptions, immaterial to be stated, to the plaintiff. The deed was expressed to be " for the consideration of one dollar to me in hand paid," and also recited that it was executed under and by virtue of the statute concerning voluntary assignments made pursuant to the application of an insolvent and his creditors, and in pursuance of an order made by a county judge. The reading of the deed was objected to unless the plaintiff first proved the proceedings in the matter of the insolvency of Paddock. The court excluded it and the plaintiff excepted. Being then nonsuited, he offering no further proof, the judge ordered the exceptions to be heard at General Term, and the ruling was there affirmed. A deed executed by the party in whom title is vested, and expressing a valuable consideration never needs as against him or those claiming under him, or as against a stranger to be supported by showing what other reason in addition to the will of the party led to its execution. Insolvent and similar proceedings only need to be shown in order to give effect to deeds given by persons in whom the title is not vested, and who derive their power to convey from the statute and proceedings under which they are acting. These principles so obvious in their reason have been long established, and have never been seriously questioned. Adjudications involving the principle are numerous. (*Forrest* v. *Havens*, 38 N. Y. 471; *Onderdonk* v. *Voorhis*, 36 N. Y., 358; *Bailey* v. *Burton*, 8 Wend., 339; *Games* v. *Stiles*, 14 Peters, 322.)

As the proof of the deed properly preceded in the order of proof that of the oath required of an assignee by the insolvent law, and as the latter without the deed was immaterial, the absence of that proof if it could have become

necessary in any event, was no reason for nonsuiting the plaintiff.

The judgment should be reversed, and a new trial ordered.

REYNOLDS, C. That Paddock had the title to the property sought to be recovered by the plaintiff is not questioned. It may also be assumed that proceedings under the insolvent laws of this State had been commenced, and had so far proceeded as that Paddock was directed to make an assignment of all his property to the plaintiff for the benefit of all his creditors, and this was done, and it most certainly passed all the title that Paddock then had to the property.

Neither Paddock nor any one apparently concerned in his estate make any objection to the proceedings resulting in the conveyance, and it seems to me very clear that by the production of this deed the plaintiff established a *prima facie* title to the premises and it should have been received in evidence.

If the defendants had any right to the property, or were in any position to question any of the proceedings in insolvency they should have been compelled to show the fact.

A new trial should be granted.

All concur.

Judgment reversed.