JOSEPH T. BATES AND ANOTHER, RESPONDENTS, *v.* CHARLES A. MERRICK, APPELLANT.

*Undertaking on appeal — action by sureties on, against principal — allegations of the complaint — when sufficient.*

This action was brought to recover the amount paid by the plaintiffs on an undertaking which they were induced to sign by the fraudulent representations of the defendant. The complaint alleged a signing and delivery of an undertaking on an appeal from a judgment of the Supreme Court of the State of New York, stating the parties, the amount and other necessary particulars which show a judgment, and referred to the undertaking as annexed, which recited a judgment recovered at the General Term of the Supreme Court, and that the appellant intended to appeal to the Court of Appeals. *Held,* on demurrer, that these statements showed a judgment in the Supreme Court of the State of New York, in an action which had originated in or been appealed to tha court.

The complaint alleged that the undertaking was duly filed and accepted, and was used as a sufficient undertaking on said appeal, and stayed all proceedings upon the judgment appealed from, and that said judgment appealed from was duly affirmed in all things. *Held,* that these facts showed that the appeal was per-

fected, and everything done which the law required to make it valid and effectual

The complaint alleged that said judgment, so appealed from, was, by an order of the Court of Appeals of the State of New York, duly affirmed, and that thereupon, upon a remittitur therefrom, a judgment of affirmance was duly entered in the Onondaga county clerk's office. *Held*, that it did not appear that the judgment so entered was not the judgment of the Supreme Court, nor that it was not entered in the county where the judgment appealed from was entered. Even if it was entered in the wrong county, it was a mere irregularity, and not a ground of objection on demurrer.

Where an insufficient undertaking, given upon an appeal, has been accepted and received as proper and lawful, and the proceedings stayed by virtue of it, the principal is estopped from questioning its validity in an action brought against him by the sureties thereon.

The undertaking was joint, and the complaint alleged that the amount was paid jointly. *Held*, that the plaintiffs were acting jointly in the execution of the undertaking; that they were jointly defrauded by the defendant, and were entitled to maintain a joint action.

APPEAL from an order of the Special Term, overruling a demurrer to the complaint in this action.

The action was brought to recover for a fraud perpetrated by the defendant upon these plaintiffs by inducing them to become sureties to an undertaking given upon an appeal to the Court of Appeals. The facts are stated in the opinion.

*M. M. Waters*, for the appellant.

*Bouton & Champlin*, for the respondents.

MILLER, P. J. :

This case arises upon an appeal from an order of the Special Term, overruling a demurrer to the plaintiff's complaint. Various objections are urged to the complaint, which it is essential to examine. It is said that the complaint does not state that any judgment was in fact recovered in any court of the State of New York. I think that the complaint contains averments from which such fact is a legitimate inference. It avers an intent to cheat, deceive and defraud the plaintiffs, by inducing them to sign and deliver an undertaking, on an appeal from a judgment of the Supreme Court of the State of New York, stating the parties, the amount and other necessary particulars which show a judgment,

and refers to the undertaking as annexed. The undertaking recites a judgment recovered at the General Term of the Supreme Court, and that the appellant intends to appeal to the Court of Appeals. These statements mean, and I think show quite clearly, a judgment in the Supreme Court of the State of New York, and are amply sufficient for that purpose. The recital of a judgment of the General Term, in the Supreme Court, also shows that it was an action which had originated in, or been appealed to, that court, as no judgment could be entered or obtained without an action being brought for that purpose. The objection that the complaint does not state that any appeal from the judgment was ever perfected to the Court of Appeals, or attempted, is also without foundation. The complaint, after alleging the making of the undertaking, avers that it was duly filed and accepted, and was used as a sufficient undertaking on said appeal, and stayed all proceedings upon the judgment appealed from, and that said judgment appealed from was duly affirmed in all things. These facts show quite clearly that the appeal was perfected, and everything done which the law required, to make it valid and effectual. The allegation that it was duly affirmed, I think, covers every essential element necessary to establish that the proceedings were conducted as required by law. As already shown, it sufficiently appears that the judgment is in a court of the State of New York; nor is it apparent that a notice of the appeal and of the undertaking was not served. The presumption is the other way, as the appeal was decided, and it may well be, if such was the fact, that these irregularities, if they existed, were waived. It cannot be said that the appeal was a nullity when the court affirmed the judgment, and it is sufficient to aver that such affirmance of the judgment was had by order of the court, which means a judgment of affirmance granted by the court. Nor does it follow that there was no liability upon the undertaking, because it is alleged that the judgment below was affirmed by the order of the court. The fact showing the affirmance was not required to be stated, and it was sufficient, I think, to allege that the judgment was duly affirmed. The averment is not, as is supposed, that upon a remittitur from an order, a judgment was rendered, but that judgment was affirmed by an order; that is, that a judgment of affirmance was granted by the

order of the Court of Appeals. It must be assumed, I think, that the remittitur contained a copy of the judgment, and all that was essential to authorize the entry of a judgment in the Supreme Court. There is not sufficient ground for claiming that the judgment, entered in the Onondaga county clerk's office, is a nullity, and it does not appear that it was not the judgment of the Supreme Court, nor that it was not entered in the county where the judgment appealed from was entered. Even if it did appear that it was entered in the wrong county, it would be a mere irregularity, which is not a ground of objection on demurrer, but could only be taken advantage of, on a motion to set it aside for the irregularity alleged. As already stated, it cannot be said that the judgment was a nullity, or upon a bond which was void, for the judgment was in force, and not vacated or set aside. The complaint sufficiently sets forth all that was essential to make the plaintiffs liable. It is quite apparent that they were liable to pay, and it being averred that they did thus pay, makes out a case of liability of the defendants in the judgment, in connection with other averments made. It is urged that the basis of the action is not the procuring of the signatures to the undertaking, nor its delivery to the defendant, because it was a nullity in his hands. It cannot, I think, be claimed that it was a nullity, for, while it might be objected to and returned as insufficient, I am inclined to think that, having been accepted and received as a proper and lawful undertaking, and the proceedings stayed by virtue of the same, the defendant is estopped from questioning its validity in this action. It is not absolutely essential that an undertaking upon an appeal to the Court of Appeals, should be in strict conformity to the letter of the law. It is sufficient if it is substantially so.[*] I think that the diversion of the undertaking from its original purpose, could not have been a good defense to an action brought to recover upon it, and therefore is not a valid ground of demurrer in this case. Nor was it, in my opinion, essential to state, in so many words, that the defendant wrongfully used, or wrongfully interposed, the undertaking, or did the same without the plaintiffs' consent. The averment that the defendant, with the intent to cheat and defraud the plaintiffs, induced them to sign the undertaking, and,

[*] Forrest v. Havens, 38 N. Y., 471.

by false representations, obtained . their signatures, in connection with the subsequent allegation that it was accepted and used by the defendant as a good and sufficient undertaking on said appeal, sufficiently shows that the use of it by the defendant was wrongful, without any special averment to that effect. It is said that there is no fact stated, showing that the plaintiffs, by reason of the defendant's fraud, have been compelled to pay, and have paid jointly, any sum of money. The complaint alleges a cause of action which is joint, and not several. The undertaking was a joint one, and the amount as stated was paid jointly. It is therefore apparent that this is not a case where it is clear that the action is not a joint cause of action, as in *Mann* v. *Marsh* * and *Dunderdale* v. *Grymes.*† On the contrary, it is manifest, I think, that the plaintiffs were acting jointly in the execution of the undertaking, and were defrauded jointly by reason of the wrongful acts of the defendant, and are therefore entitled to maintain this action. The decision of the Special Term was right, in overruling the demurrer, and the order must be affirmed, with ten dollars costs.

Present — MILLER, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs.

* 35 Barbour, 68.                                                       † 16 Howard, 195.