## GEORGE B. ROCKWELL et al., Appellants, *v.* BRIDGET McGOVERN et al., Respondents.

An assignment by an insolvent debtor, purporting to have been made under the provisions of the Revised Statutes "relating to voluntary assignments made pursuant to an application of an insolvent and his creditors" (2 R. S. 16, *et seq.*), is invalid as a conveyance of the insolvent's estate, at least as against one who is not a *bona fide* purchaser from the assignee for value without notice, where the preliminary proceedings upon which it is based are void because not in conformity with the statute.

The mention of a nominal pecuniary consideration in the assignment does not validate it, where it appears by the assignment itself that the intention was to create a statutory trust, and to convey no other estate or interest than was necessary for that purpose.

(*Rockwell* v. *Brown*, 54 N. Y., 210, distinguished.)

(Argued April 3, 1877; decided April 10, 1877.

APPEAL from judgment of the General Term of the Superior Court in the city of New York, affirming a judg-ment in favor of defendants, entered upon a verdict. (Re-ported below, 8 J. & S., 118.)

This was an action of ejectment to recover possession of certain premises situate in the city of New York.

The facts appear sufficiently in the opinion.

*John Townshend,* for the appellants.     An assignment by an insolvent in trust for his creditors is good without any valua-ble consideration being expressed. (*Cunningham* v. *Freeborn,* 11 Wend., 240; Burrill on Assignments [2d ed.], chap. 15, p. 239; 2 Scott, 582.) A deed *in invitum* is binding on the grantor. (Bouv. L. Dict., Duress; *Forrest* v. *Havens,* 38 N. Y., 471; *Ford* v. *Townsend,* 1 Robt., 39; *Onderdonk* v. *Voorhies,* 2 id., 24; 36 N. Y. 350; *Winter* v. *Kinney,* 1 id., 368, 369.) Where a statute or judicial order prescribes a certain form of deed or obligation, if a person obliged by such statute or order voluntarily exceeds the form prescribed, or binds himself in some other form, he is bound to the extent of such voluntary obligation. (*U. S.* v. *Linn,* 15 Pet. 290; *U. S.* v. *Bradley,* 10 id., 343; *U. S.* v. *Tingey,* 5 id., 115, 127; *U. S.* v. *Hodson,* 10 Wal., 395; *Ford* v. *Townsend,* 1 Robt., 39; High on Rec'rs, § 244; *Graydon* v. *Church,* 7 Mich., 36; *Striker* v. *Mott,* 28 N. Y., 90; *Jackson* v. *Stevens,* 16 J. R., 110; *Jackson* v. *Ball,* 1 J. Cas., 90; *Hill* v. *Hill,* 4 Barb., 419; *Moseley* v. *Moseley,* 15 N. Y., 334.) The deed to Paddock was valid, and conveyed to the grantee the estate of the grantor. (*Holmes* v. *Remsen,* 4 J. Ch., 487; *Roseboom* v. *Mosher,* 2 Den., 61; *Bailey* v. *Burton,* 8 Wend., 339, 348.)

*Nathaniel C. Moak,* for the respondents.     The assignment from Paddock to Rockwell was absolutely void, and nothing passed under it. (2 Pars. on Con. [6th ed.], 515, 560, note *g,* 561, 494; *Ely* v. *Cooke,* 28 N. Y, 365; *Osborn* v. *Adams,* 18 Pick., 245, 247, 248; *French* v. *Carhart,* 1 N. Y., 96, 102.)

It made no difference that one dollar was expressed as a consideration, if it appeared from a review of the whole instrument that the intention was to execute the assignment as a part of the insolvent proceedings. (*Morris* v. *Ward*, 36 N. Y., 587, 597–8; *Partridge* v. *Havens*, 10 Paige, 623.) The assignment being void, even a stranger might take advantage of it. (*Chemung Canal Bank* v. *Judson*, 8 N. Y., 259.) No title to the property vested in Rockwell until he took the proper oath. (*Hoag* v. *Hoag*, 35 N. Y., 474–5; *Rockwell* v. *Brown*, 54 id., 213, 214; *Cleveland* v. *Boerum*, 27 Barb., 252; 24 N. Y., 613; *Post* v. *Doremus*, 60 id., 71; *Ward* v. *Lyme*, 8 id. [L. Obs.], 95; *Halsey* v. *Flint*, 15 Abb., 369.) If the proceedings are void, the bond also is void, although voluntarily executed. (*Brookman* v. *Hamill*, 43 N. Y., 555; *Vose* v. *Cockcroft*, 44 id., 415; *Poole* v. *Kermit*, 5 J. & S., 115; 59 N. Y., 554; *Games* v. *Stiles*, 14 Pet., 323, 326.) If the instrument had been originally valid, Rockwell held the title in trust for the benefit of Paddock's creditors, and that title ceased before the sale to Roe. (*Hoag* v. *Hoag*, 35 N. Y., 475–6; *Cleveland* v. *Boerum*, 27 Barb., 252; 24 N. Y., 613; *Pike* v. *Lowell*, 32 Me., 245; *Ross* v. *McJunkin*, 14 S. & R., 364; *Sailor* v. *Hertzog*, 4 Whart., 259; *Rugley* v. *Harrison*, 19 Ala., 406; 2 R. S., 42, § 8; 2 Edm. Stat., 44; 2 R. S., 46–8, §§ 27–43; 2 Edm. Stat., 47–49; *McKnight* v. *Taylor*, 17 Pet., 197; *Grant* v. *Duane*, 9 J. R., 612; *Reynell* v. *Coates*, 2 Pars. Sel. Eq. Cas. [Penn.], 258, 263; *Ingraham* v. *Cox*, 1 id., 70; Burrill on Assignments [2d ed.], 551; 1 R. S., 730, §§ 65, 67; *Briggs* v. *Davis*, 20 N. Y., 22; Cooley's Const. Lim., 364–5, m. p.; *Leffingwell* v. *Warren*, 2 Blackf. [U. S.], 599; *Rockport* v. *Walden*, 54 N. H., 167, 173–4; *Woodman* v. *Fulton*, 47 Miss., 682; 2 Story's Eq. Jur., §§ 1520–1522; *Myrick* v. *Selden*, 36 Barb., 15; *Partridge* v. *Havens*, 10 Paige, 623.)

Andrews, J. In the year 1845 Isaac V. Paddock, who then owned the lot in controversy, presented to the County Judge of Westchester county a petition signed by himself and

certain of his creditors, for his discharge from his debts, under the provisions of Art. 3, chap. 5, tit. 1, part 2, of the Revised Statutes, relating to "voluntary assignments made pursuant to an application of an insolvent and his creditors."

The judge entertained the proceeding, and it was carried so far that an assignment of the insolvent's estate was directed, and the petitioner executed an assignment to the plaintiff Rockwell. The assignment recited that it was made under and in pursuance of the statute to which reference has been made, and in pursuance of an order of the county judge, and it purported to grant, assign and transfer to the plaintiff Rockwell all the estate of the assignor in law and in equity, for the benefit of all his creditors, " according to the statute aforesaid." The assignment also expressed a nominal consideration of one dollar. The petition in the proceedings was fatally defective, and conferred no jurisdiction upon the officer, and the plaintiffs on the trial conceded that the proceedings were null and void.

It does not appear whether a discharge was granted, or that any step was taken subsequent to the assignment, or that the assignee qualified, or assumed to act as assignee until the sale now to be mentioned.

In 1869, twenty-four years after the assignment, one Townshend, an attorney, who so far as appears was not a creditor of the insolvent, or in any way interested in the execution of the supposed trust, applied to the plaintiff Rockwell to sell the lot in question, and promised to remunerate him if he would consent to make the sale. The assignee thereupon advertised the lot for sale at public auction, and on the sale it was bid off by Townshend for $100, and at his request, as we are authorized to infer, was conveyed by the assignee to his sister-in-law, who soon afterwards, without any consideration received by her, conveyed it to the plaintiff, May H. Townshend, the wife of the attorney who procured the sale. The assignee did not know, until he was so informed by Townshend, that Paddock owned the lot when the assignment was made. Paddock died in 1864,

and no notice of the proceedings for the sale of the premises by Rockwell was given to his heirs, otherwise than by publication of the notice of sale.

It is a fatal objection to the right of the plaintiffs to recover, that the assignment being based upon the void insolvent proceedings, was void and conveyed no title to the assignee. The assignment was one step in the proceedings, and the trust which the parties, under the direction of the judge, and in supposed compliance with the statute, attempted to create, could not be carried into effect.

That Paddock's purpose was to create a statutory trust, under the provisions of the insolvent debtor act, is apparent on the face of the assignment. His sole object in making it was to obtain through a compliance with the statute a discharge from his debts under its provisions. The assignment declares that it was made under and by virtue of the statute, and the order of the judge, for the benefit of creditors according to the statute, and the assignee is stated to have been nominated by the creditors.

The proceedings having been without jurisdiction, no lawful discharge of the debtor from his debts could be granted under them. The purpose of the assignment failed, as also the consideration upon which it was founded.

The statute contains special and minute provision for the administration of the estate of the insolvent, when an assignment has been made under its provisions. It prescribes the duties and powers of the trustees, provides the mode of ascertaining the creditors, and for barring those who fail to present their claims as provided in the act from sharing in the distribution ; for priority of payment of debts of a certain class; and for an allowance to the debtor out of the estate in a certain contingency, before creditors have been fully paid. (2 Rev. St., art. 8, chap. 6, tit. 1, part 2.) In short, the statute contains a special system of administration adapted to carry out the special trust created by an assignment under it, and are inapplicable in many particulars to the case of an ordinary voluntary general assignment in trust for creditors.

The assignment cannot be regarded as valid as a conveyance of the insolvent's estate, when the preliminary proceedings upon which it is based are void as not in conformity with the statute. The trustee could not take in the character, or for the purposes, or with the powers specified in the statute, and the reasonable construction of the transaction is, that no estate vested in him under the assignment. The assignment failed with the other proceedings, and did not divest the insolvent of his title to his estate. (See *Ely* v. *Cooke,* 28 N. Y., 374.)

The mention of a nominal pecuniary consideration in the assignment is not material. It clearly appears by the assignment itself that the intention was to create a statutory trust, and to convey no other estate or interest than was required for that purpose. The mention of a nominal consideration was a formal and an unnecessary proceeding, but the other parts of the instrument indicate with certainty the true character and intent of the transaction. There was no intention to give the assignee a beneficial interest in the estate, or to invest him with any trust or interest other than that prescribed by the statute. (See *Morris* v. *Ward,* 36 N. Y., 587.)

When the intention of a grantor is to convey a fee, and the deed is otherwise effectual, it is not invalid because it purports to be executed in pursuance of an invalid judgment. (*Striker* v. *Mott,* 28 N. Y., 90; *Same* v. *Stiles,* 14 Pet., 322.) This is not a conveyance of that character. It is unnecessary to consider what the rights of a *bona fide* purchaser for value of the land from the assignee, without notice of the defect in the proceedings, would be. The plaintiffs do not stand in that position.

These views dispose of the case. The plaintiffs must recover, if at all, upon the strength of their own title, and they have shown none.

The case of *Rockwell* v. *Brown* (54 N. Y., 210), is not in conflict with the conclusion we have reached. The court in that case held that the production of the assignment was *prima facie* proof that Rockwell had acquired the title of

Paddock. In that case in did not appear that the insolvent proceedings were void. In this case that fact is admitted.

The judgment should be affirmed.

All concur.

Judgment affirmed.