HERKIMER S. McCOMBS, RESPONDENT, v. DARIUS ALLEN AND THOMAS McLAUGHLIN, APPELLANTS, IMPLEADED WITH DEARBORN B. McCRILLIS.

*Sureties to an undertaking under section 688 of the Code of Civil Procedure — not released by the discharge of their principal in bankruptcy.*

The defendants became sureties to an undertaking, given under section 688 of the Code of Civil Procedure, to procure the discharge of an attachment against one McCrillis. Within four months from the issuing of the attachment McCrillis filed a petition in voluntary bankruptcy, and procured his discharge therein. The plaintiff in the attachment suit having prosecuted his claim to judgment, asigned his claim to the plaintiff, who brought this action to recover on the undertaking.

*Held,* that the defendants were liable thereon, and were not released by the discharge of McCrillis in bankruptcy.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Edward Fitch Bullard,* for the appellants. The proceedings in bankruptcy and the assignment absolutely dissolved the attachment. (*Miller* v. *Bowles,* 58 N. Y., 253; *Duffield* v. *Horton,* 6 Week. Dig., 277, Court of Appeals; *West Philadelphia Bank* v. *Dickson,* 5 Otto, 180; *Risley* v. *Brown,* 67 N. Y., 160; *Stewart* v. *Brahall,* 6 W. Dig., 507; *Maas* v. *O'Brien,* 6 id., 560; *Loring* v. *Eager,* 3 Cush., 188; *Tappan* v. *Van Wagenan,* 3 Johns., 465.)

*Henry A. Merritt,* for the respondent.

BOARDMAN, J. :

The defendants became sureties under section 688 of the Code, upon an undertaking given to discharge the attachment granted against one McCrillis, and it was thereupon discharged. Before the expiration of four months after the making of such attachment, and nearly two months after the giving of such undertaking, McCrillis filed his voluntary petition in bankruptcy, and was afterwards under such bankruptcy proceedings discharged. The plaintiff in the attachment case prosecuted his claim to judgment, payment thereof was demanded, and it was then assigned to plaintiff. The defendants now claim that by reason of McCrillis'

o

discharge in bankruptcy their obligation on the undertaking ceased. Such claim does not seem justified by the authorities.

The undertaking of the defendants is to pay the amount of any judgment which might be obtained against their principal. Until judgment was recovered and demand of payment made the liability of the defendants was not fixed. Before that it was contingent. It was not essential to the validity of this undertaking that an attachment had been issued or levied. (*Coleman* v. *Bean*, 1 Abb. Ct. of Ap. Dec., 394; *Onderdonk* v. *Voorhis*, 36 N. Y., 358; *Bildersee* v. *Aden*, 12 Abb. [N. S.], 324.) Besides, it appears that the attachment in this case was discharged upon the giving of this undertaking. McCrillis thereafter had complete control of his property, and, if it was not appropriated otherwise, the property attached went to his assignee in bankruptcy, and was applied in payment of his debts. The attachment after its discharge no longer stood in the way of such proceedings. It made no difference whether McCrillis petition was filed more or less than four months after the attachment was levied. In either case the property attached went alike to the assignee, because there was no other claimant. The plaintiff in the attachment suit did not claim it. He held the defendants' obligation in lieu of his lien by attachment. The Code had compelled him to yield all claim to specific property of McCrillis, and to take in lieu the defendants' contract for the payment of any debt he might establish by judgment. The bankrupt law does not apply to such a case, and will not discharge these obligors if the judgment shall be obtained. (*Holyoke* v. *Adams*, 1 Hun, 223.) An appeal from this decision was dismissed, on the ground that the order which refused leave to plead the bankruptcy discharge, in answer to an action on the bond, was discretionary. But Judge FOLGER, in an admirable opinion, sustains the views taken in the court below. (59 N. Y., 241–242.)

A still later case (*Knapp* v. *Anderson*, 71 N. Y., 466) is still more conclusive against the defendants. Judge ALLEN says : " To hold that they (the sureties) were released by the insolvency of their principal, pending the appeal, would add another condition to the undertaking not expressed in it or authorized by statute. Such a condition inserted in the undertaking when given would

invalidate it as not in conformity to the statute." These suggestions are equally applicable to the present case. The defendants' contract was to pay the judgment if obtained. It does not matter that a defence of the bankruptcy proceedings *might have been* interposed. It was not. Judgment was obtained. The condition fixing the obligation of defendants had happened, and they are liable. (*Zollar* v. *Janvrin*, 49 N. H., 114; *Wolf* v. *Stix*, 19 Alb. L. J., 280.)

We are satisfied the defendants were not released or discharged from their liability on the undertaking, by reason of the facts attending the putting over the circuit of this case. Whatever occurred, if not in the ordinary conduct of a case at the circuit, did not injure these sureties, and was in no respect inconsistent with their rights. (*Clark* v. *Sickler*, 64 N. Y., 231; *Daniels* v. *Patterson*, 3 id., 47; *Schroeppel* v. *Shaw*, id., 446; *Smith* v. *Falconer*, 11 Hun, 481.)

For the reasons given, we think the judgment is right and should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.