[S. F. No. 1184. Department One.—June 27, 1898.]

JOHN N. PIGNAZ, Respondent, v. GEORGE W. BURNETT et al., Appellants.

APPEAL FROM JUDGMENT—DISMISSAL—FAILURE TO FILE TRANSCRIPT—BILL OF EXCEPTIONS UPON ORDER.—An appeal from a judgment will be dismissed for failure to file a transcript within the time limited therefor, where it appears that the only unsettled bill of exceptions was taken upon an order made after judgment refusing to vacate an order for a writ of assistance, and referred entirely to proceedings taken subsequent to the entry of judgment. Such a bill of exceptions could not be used or referred to upon the appeal from the judgment, and does not extend the time within which the transcript should be filed.

ID.—APPEAL FROM ORDER—FAILURE TO FILE UNDERTAKING.—Where the only undertaking filed in the court below is limited by its terms to an appeal from the judgment, an appeal from an order made after judgment with reference to which no undertaking was filed must be dismissed.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco and also another appeal from an order refusing to restrain the sheriff from executing a writ of assistance. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court rendered upon the present motion, and upon a former motion, reported in *Pignaz v. Burnett*, 119 Cal. 157.

Walter J. Thompson, for Appellants.

Sullivan & Sullivan, for Respondent.

HARRISON, J.—Motion to dismiss the appeals.

A motion to dismiss the appeal from the judgment herein, and also from the order refusing to set aside a writ of assistance, was heretofore made and denied December 2, 1897. (119 Cal. 157.) The facts involved in the present motion are quite fully stated in the opinion in that case. The motion to dismiss the appeal from the judgment was then made upon the ground that the transcript had not been filed within the time prescribed by the rules of this court, and was denied for the reason that

it was made to appear that a bill of exceptions used on the appeal had been proposed and was pending for settlement before the judge who heard the cause. The motion to dismiss the appeal from the order was argued upon the ground that the appellants had not filed an undertaking on that appeal, and was denied for the reason that the respondent had not given this in his notice as one of the grounds upon which he would make the motion. Upon the application of the respondent leave was given to renew the motion in its present form for a dismissal of the appeals upon the ground that the transcript had not been filed within the proper time, and that no undertaking had been filed upon the appeal from the order.

Upon the motion to dismiss the appeal from the judgment the respondent has presented a copy of the bill of exceptions which was proposed in behalf of the appellants, and upon which they rely to be relieved from their failure to file the transcript herein until it shall have been settled by the judge. An inspection of this document shows, however, that it is a bill of exceptions taken upon the order of the court refusing to vacate its order for the issuance of a writ of assistance, and refers entirely to proceedings taken subsequent to the entry of the judgment. It could not, therefore, be used or referred to upon the appeal from the judgment, and does not extend the time within which the transcript should be filed. (See opinion upon the hearing of the former motion in this case, 119 Cal. 157.) The appeal from the judgment must therefore be dismissed.

A copy of the undertaking filed on appeal in the court below has also been produced, and, as it appears therefrom that it is limited to the appeal from the judgment, and makes no reference to the appeal from the order, it is insufficient to sustain the latter appeal.

The motion to dismiss the appeals is granted.

Garoutte, J., and Van Fleet, J., concurred.