[S. F. No. 2073.   Department Two.—November 29, 1899.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent,
v. A. C. FREESE, Administrator, etc., et al., Defendants.
MARGARET J. BULLARD, Appellant.

APPEAL—DISMISSAL—UNDERTAKING REFERRING TO PRIOR APPEAL—FILING
AFTER SECOND APPEAL.—An undertaking on appeal executed after
the filing of a first notice of appeal, and prior to the filing of
a second notice, which recites that the appellant has appealed,
and that the sureties undertake in consideration of such ap-
peal, refers only to the first appeal, and limits the liability of
the sureties thereto. The fact that the undertaking was filed
by the appellant's attorney subsequently to the second appeal
does not constitute it an undertaking thereupon; and the sec-
ond appeal must be dismissed for want of an undertaking.

ID.—DEFINITENESS OF UNDERTAKING.—A valid undertaking on appeal
must refer with definiteness to the particular appeal to which
it is intended to relate, and, if it fails to do so, it is insuffi-
cient. An undertaking definitely referring to a pending appeal
when executed cannot be wrested from its natural language,
so as to refer to a subsequent appeal, because filed thereafter.

ID.—EFFECTIVENESS OF UNDERTAKING—FILING—AUTHORITY OF ATTOR-
NEY—LIMITED AGENCY FOR SURETIES.—Although an undertaking
on appeal does not become effective until the date of filing,
its validity has reference only to the appeal to which it refers;
and, although the attorney for the appellant is the agent of the
sureties for the purpose of filing the undertaking, his agency
is limited to the filing of it in the particular appeal to which
it has reference.

MOTION to dismiss an appeal from an order of the Superior
Court of the City and County of San Francisco refusing to stay
execution of a writ of assistance.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tobin & Tobin, for Respondent.

HENSHAW, J.—This is a motion to dismiss appellant's ap-
peal, which grows out of the following facts: Appellant's notice
of appeal from an order of court made and given on the thir-
teenth day of March, 1899, was served and filed on the fifteenth
day of March, 1899. On the fifth day thereafter—that is, on
the twentieth day of March, 1899—the appellant procured to

be executed an undertaking upon appeal reciting that, whereas Margaret J. Bullard has appealed to the supreme court, etc., that in consideration of the premises and of such appeal, etc.   This undertaking bore date the twentieth day of March, 1899, and the jurat of the notary thereon is of the same date.   On the twenty-first day of March, 1899, appellant's attorney served and filed a second notice of appeal, and on the following day, March 22, 1899, this undertaking was filed.   The first appeal had lapsed for failure to file the undertaking within the statutory period, and this motion to dismiss is directed against the second appeal upon the ground that no undertaking thereon had been filed.   To this appellant makes answer that until the filing of the undertaking it has no force, effect, or validity, and that when filed it is an undertaking in reference to the condition of things at that time existing; therefore, that this particular undertaking filed upon March 22d must be construed to have reference to and to be an undertaking upon the appeal, notice of which was given upon March 21st.   But we think this position untenable. It is required of a valid undertaking upon appeal that it shall refer with definiteness to the particular appeal to which it relates, and, if it fails so to do, it is ambiguous and insufficient. (*Sharon v. Sharon,* 67 Cal. 185; *Home etc. Co. v. Wilkins,* 71 Cal. 626; *Pignaz v. Burnett,* 121 Cal. 292.)   At the time when the sureties upon this undertaking entered into it but one appeal had been attempted, but one notice of appeal had been given, and the undertaking clearly and distinctly refers to that.   It is the right of the surety to stand upon the strict letter of his undertaking.   He can be held to no different contract from that into which he has entered.   In this case the undertaking of the sureties was to stand responsible for  damages and costs which might follow the prosecution of a particular appeal clearly referred to in their undertaking.   By the construction which appellant seeks the undertaking would be wrested from its natural language and held to apply, not to that appeal which was subsisting at the time the contract was entered into, but to another appeal, no step in which had been taken at the time the sureties executed their bond.   It is true, as appellant says, that the attorney became the agent of the sureties for the purpose of filing the undertaking, and that it takes validity and

effect from the date of the filing. But the agency of the attorney was to file the undertaking in the particular appeal to which it made reference, and the validity which the undertaking has as of the date of its filing is a validity in reference only to the particular appeal in question.

We conclude, therefore, that there has been no undertaking as required by law filed after the notice of appeal of March 21st, and that this motion to dismiss should be granted.

It is ordered accordingly.

McFarland, J., and Beatty, C. J., concurred.