[S. F. No. 3353. In Bank.—May 1, 1903.]

ELEONORA KALTSCHMIDT, Appellant, v. ADOLPH WEBER, Executor, etc., Respondent.

APPEAL.—UNDERTAKING—SUFFICIENCY OF REFERENCE—DISMISSAL.—An undertaking on appeal which otherwise sufficiently refers to the order from which the appeal is taken, is not rendered insufficient because of a recital that the plaintiff "is about to appeal," instead of reciting that he "has appealed" therefrom; and the appeal will not be dismissed on the ground that no undertaking on appeal has been given, and that the appeal has not been perfected, for want of an undertaking.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, and Charles E. Naylor, for Appellant.

Alexander D. Keyes, for Respondent.

McFARLAND, J.—This case is before us on a motion of respondent to dismiss an appeal of appellant from an order denying her motion for a new trial. The motion to dismiss is upon the ground that "said appeal has not been perfected by the filing of an undertaking."

The order denying the motion for a new trial was made and entered on the fourteenth day of June, 1902. On August 13, 1902, appellant filed her notice of appeal, in due form, from said order of June 14th. On August 16th she filed her undertaking on appeal, the one here in question, which undertaking was sufficient in form and substance, unless it be defective for the reason hereinafter noticed. The undertaking refers to the appeal from the said order of June 14th, and does not refer to an appeal from any other order, judgment, or decision. But it commences with the recital, "Whereas, the plaintiff . . . is about to appeal to the supreme court," etc., "from said order of June 14th"; and respondent contends that the recital should have been, "Whereas, plaintiff has appealed," and that because the phrase "is about to

appeal'' was used, the undertaking cannot be held as refer-
ring to the appeal of which notice had been given, but must
be held as referring to some other appeal which might be
taken in the future, and is therefore defective. We do not
think that this highly technical point is maintainable. The
question is whether or not the undertaking refers with suffi-
cient definiteness to the appeal of which notice had been given;
and we think that it does. It is true that in the first part of
section 940 of the Code of Civil Procedure it is stated that
the appeal is taken by filing a notice of appeal with the clerk
and serving a copy; but immediately following that statement,
in the same section, it is provided that the appeal is ''inef-
fectual for any purpose'' unless within five days ''an under-
taking be filed''; and in subsequent sections the giving of
the undertaking is repeatedly referred to as necessary to ''the
perfecting of an appeal.'' Notwithstanding the giving of
the notice, if no undertaking be executed and filed within the
statutory time, there is in fact no appeal. While giving the
notice before the expiration of the time limited for taking
an appeal would be sufficient as to the limitation, provided
the subsequent step of giving the bond be taken, still the ex-
pression ''about to appeal'' is not an inaccurate statement of
the condition existing between the initiatory point of giving
the notice, which may never ripen into an actual appeal,
and the perfection of the appeal by the undertaking. We
think, therefore, that the undertaking here in question clearly
enough relates to the appeal from the order of June 14th, of
which notice of appeal had been filed, to make the obligation
of the sureties enforceable in an action. No decision of this
court on the point has been cited; but the court of appeals of
New York, in *Forrest* v. *Havens,* 38 N. Y. 469, is in accord-
ance with the above views. The code provisions of New York
about the taking of an appeal there under review are substan-
tially the same as those here involved. There the code pro-
vided that an appeal must be taken by ''the serving of a
notice in writing on the clerk and the adverse party, stating
the appeal,'' etc.; and it was also provided that ''to render
an appeal effectual for any purpose a written undertaking
with sureties must be executed,'' etc. In that case the notice
of appeal was given, and it was recited in the undertaking
that the appellant ''intends to appeal.'' The court, after

discussing some other matters, said: "But there is no impropriety in the recital in the undertaking, that the party giving it intends to appeal. He forms the purpose to appeal, and the giving of an undertaking being an essential constituent to the completion of his purpose, it is not only truthful, but appropriate, to recite the fact in the instrument which is to effect that purpose. And it cannot be assumed that the undertaking is executed with reference to any other notice than the one actually given in the case which the undertaking recites. The two things are essential parts of one transaction, and are not only to be construed, but to be taken together as necessary complements to a thing perfected by their joint agency."

The decisions of this court cited by respondent are not in point; they are mostly cases where there were several appeals and only one undertaking, which could not be held to refer to any one of the appeals. In none of them were the facts like those in the case at bar.

The motion to dismiss the appeal is denied.

Angellotti, J., Van Dyke, J., Shaw, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.