[L. A. No. 2005. In Bank.—July 26, 1907.]

W. E. LITTLE, Respondent, v. CATHERINE M. THATCH-
ER et al., Defendants; CALIFORNIA TITLE INSUR-
ANCE AND TRUST COMPANY et al., Apellants.

APPEAL—RECITALS IN UNDERTAKING—INCURABLE ERROR.—The recitals in an undertaking on appeal must identify the appeal which the undertaking is intended to support, and if they fail to do so the error is incurable.

ID.—ERRONEOUS RECITALS AS TO MATTER APPEALED FROM—FILING NEW UNDERTAKING.—An undertaking on appeal which recites that it is given in support of an appeal from the judgment, which it erroneously states was rendered on the date when the motion for a new trial was overruled, cannot be used in support of an appeal from the order denying the new trial, and the error cannot be cured by the filing of a new undertaking under section 954 of the Code of Civil Procedure. And this is so notwithstanding the facts that when the undertaking was executed the time for appealing from the judgment had expired and that the only appeal by which the judgment might be set aside was an appeal from the order, and that the date of the judgment as recited shows that the surety confused the judgment and the order.

MOTION to dismiss an appeal from an order of the Superior Court of the County of Los Angeles. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Hahn & Hahn, and Gavin McNab, for Appellants.

James P. Clark, M. M. Meyers, Borden & Carhart, Charles L. Batcheller, E. E. Mellette, J. R. Wilder, Lawler, Allen & Van Dyke, A. L. & J. E. Stephens, and John W. Shenk, for Respondent.

BEATTY, C. J.—This is a motion to dismiss an appeal based upon the grounds—1. That the transcript was not served on the respondents; 2. That no sufficient transcript was filed; and 3. That the notice of appeal is not supported by an undertaking. As to the first ground, it is now admitted that the printed transcripts were duly served. As to the second, the objection is obviated by the filing of a supplemental transcript by leave of the court. The only question remaining relates to the three-hundred-dollar undertaking on appeal. The judgment in the action was rendered and entered February 20, 1906. A motion for a new trial was denied October 12, 1906, after the time for appealing from the judgment had expired. On the 22d of October two of the defendants gave notice of an appeal from that order, and within the time allowed by law filed the following undertaking:—

"Whereas, in an action in the superior court of the county of Los Angeles, state of California, judgment was on the 12th day of October, 1906, rendered by the said court in favor of the defendants and against the plaintiffs for the sum of $1,700 principal; and,

"Whereas, the said defendants are dissatisfied with the said judgment and desirous of appealing therefrom to the district court of appeals of California.

"Now therefore, in consideration of the premises, and of such appeal, the National Surety Company of New York, a corporation having its principal place of business in the city of New York, state of New York, and having complied with

all the requirements of the laws of the state of California respecting such corporations, does hereby undertake in the sum of three hundred dollars ($300) and promises on the part of the appellant that said appellant will pay all damages and costs which may be awarded against them on said appeal, or on a dismissal thereof, not exceeding the aforesaid sum of three hundred dollars $300.00, to which amount it acknowledges itself bound."

The undertaking, it will be observed, recites only the judgment and states that it was rendered on the date when the motion for a new trial was overruled. It recites the desire of the said defendants to appeal therefrom, and the surety only undertakes that the appellants will pay such costs and damages as may be awarded against them on "said appeal." Clearly it is insufficient in terms to support the appeal from the order; but since an undertaking in proper form, approved by one of the justices of this court, was filed before the hearing of the motion to dismiss, the question to be decided is whether the undertaking originally filed was merely insufficient within the meaning of section 954 of the Code of Civil Procedure, and the fault curable by the approval and filing of a new one, or whether with respect to the appeal from the order it was in effect no undertaking at all. In a number of cases heretofore decided this court has held that the recitals in an undertaking on appeal must identify the appeal which it is intended to support, and that if they fail to do so the error is incurable. (See *Estate of Heydenfeldt*, 119 Cal. 347, [51 Pac. 543], and cases there cited. See, also, *Pacific Pav. Co.* v. *Bolton*, 89 Cal. 154, [26 Pac. 650]; *Schurtz* v. *Romer*, 81 Cal. 244, [22 Pac. 657], and cases cited under this case in the Notes to California Decisions.) I have never yielded a willing assent to this strict construction of the statute, but the rule is settled, and there does not seem to be any ground upon which this case can be distinguished from those in which the undertaking has been held to be fatally defective. The fact that when the undertaking was executed the time for appealing from the judgment had expired, and that the only appeal by which the judgment might be set aside was an appeal from the order, the fact that the date of the judgment as recited shows that the surety confused the judgment and the order, and all the extraneous facts in the case,

amount to nothing in the face of the doctrine upon which the rule is founded,—the doctrine, that is to say, that the recitals in the undertaking must identify the particular appeal which it is intended to perfect.

The appeal is dismissed.

Angelotti, J., Sloss, J., Shaw, J., Lorigan, J., Henshaw, J., and McFarland, J., concurred.