[Civ. No. 1759. Third Appellate District.—November 19, 1917.]

## CHARLES T. WAIT, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

COSTS—PROSECUTION OF ACTION IN FORMA PAUPERIS.—The plaintiff in a civil action may prosecute his action *in forma pauperis* by filing a proper affidavit.

ID.—MANDAMUS—MOOT QUESTION—DISMISSAL.—A petition for a writ of mandate to compel a superior court to permit a plaintiff in a civil action to prosecute the same *in forma pauperis* will be dismissed where after the filing of the petition the permission was granted, the matter becoming a moot question.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel a Superior Court to permit the prosecution of a civil action *in forma pauperis*.

The facts are stated in the opinion of the court.

G. H. P. Lichthardt, and Chester F. Gannon, for Petitioner.

Lester J. Hinsdale, for Respondents.

THE COURT.—Petitioner, Charles T. Wait, commenced an action in the superior court of the county of Sacramento against the Western Pacific Railroad Company for personal injuries received by him while in its employ.

After the commencement of said action petitioner sought leave of the court, by filing the proper affidavit, to be allowed to prosecute his action *in forma pauperis*. The court denied the application upon the ground that it knew of no method provided by law for the payment of the jury fees except by the party demanding said jury. Thereupon petitioner filed his petition in this court seeking by mandate to compel the superior court to grant his application.

Since the filing of this petition the precise question has been decided in accord with petitioner's contention by our supreme court in the case of *Martin* v. *Superior Court,* 176 Cal. 289, [168 Pac. 135]. It is only necessary, therefore, to refer to that decision.

Since this proceeding was commenced in this court, it has been brought to our attention that the lower court has granted a jury to petitioner here in accordance with his application. The matter, therefore, becomes a moot question merely, and in view of this status of the case, it becomes proper to dismiss the petition.

The petition for the writ of mandate is, therefore, dismissed.