[Civ. No. 2706.    Second Appellate District.—June 12, 1918.]

ALLETHA P. HAMMOND, Respondent, v. JUSTICE'S COURT OF LOS ANGELES TOWNSHIP et al., Appellants.

COSTS—ACTIONS IN JUSTICES' COURTS—RIGHT TO SUE IN FORMA PAUPERIS.—The township justices' courts of this state are, as were courts at common law, vested with power to, and should upon a proper showing, admit parties to sue *in forma pauperis*, since the statutory provisions with reference to prepayment of costs are not applicable to the exceptional cases of indigent suitors who at common law were entitled to sue without payment of such costs.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, David R. Faries, and E. T. Bishop, Deputies County Counsel, for Appellants.

Walton J. Wood, Public Defender, for Respondent.

SHAW, J.—The sole question involved herein is petitioner's right, upon a conceded showing, made in the justice's court of Los Angeles township, that she was destitute and unable to pay the cost, to prosecute *in forma pauperis* an action brought by her in said court.   The trial court held that she was so entitled to sue and made its order granting a peremptory writ of mandate, directed to the justices' court, re-

quiring it to proceed with the trial without the payment of such cost. The appeal is from this order.

In our opinion, the decision in *Martin* v. *Superior Court,* 176 Cal. 289, [L. R. A. 1918B, 313, 168 Pac. 135], must be regarded as conclusive in support of the order made by the trial court. In that case the right to prosecute the action *in forma pauperis* was upheld upon the ground that such right existed at common law, which, in the absence of any statutory modification thereof, must be deemed the rule of decision in the courts of this state. The only distinction between that case and this is that in the former the action was pending in the superior court, while in the instant case it is pending in the court of a township justice. The essential facts are identically the same, since in each case an indigent plaintiff, unable to pay the cost, and upon a sufficient showing thereof, sought a civil remedy in a court having jurisdiction of the subject matter of the action. Upon the authority of what is said in the opinion in the Martin case, we are constrained to hold that the township justices' courts of this state are, as were courts at common law, vested with power to, and should upon a proper showing, admit parties to sue *in forma pauperis,* unless such power is restricted by statute. As to this, the statutory provisions with reference to prepayment of costs in justices' courts are, in substance, the same as those applicable to payment of costs in the superior courts, and as to which it was said in the opinion to which we have referred that such statutes, being general in their nature, are not applicable to cases where the court has, in the exercise of its power, remitted the payment of the fees on behalf of a poor suitor; that "in every instance the court's order to this effect is sufficient warrant to every officer charged with the collection of fees to omit the performance of that duty in the specified case." In other words, the statutory provisions as to costs were not intended to, and do not, apply to the exceptional cases of indigent suitors who at common law were entitled to sue without payment of such costs.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1918.