[Civ. No. 3749.  First Appellate District, Division Two.—December 27, 1920.]

## LAURA E. MATHIS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUSTICE'S COURT APPEAL—INSUFFICIENT UNDERTAKING.—An undertaking on appeal from a justice's court judgment against two defendants is insufficient for any purpose, where by reason of numerous interlineations it is impossible to determine whether it is given on behalf of one or of both defendants.

[2] ID.—WAIVER OF UNDERTAKING—RIGHT OF RESPONDENT.—In view of section 3513 of the Civil Code the respondent in a justice's court appeal may waive the filing of an undertaking for costs by the appellant, since the filing of such an undertaking is a matter provided for his sole benefit, but to be effective such a waiver must be made within the time within which such an undertaking might have been filed.

[3] ID.—TIME OF FILING UNDERTAKING — JURISDICTION. — By the provisions of section 973a of the Code of Civil Procedure, an undertaking on appeal must be filed within five days after the filing of the notice of appeal, and if this is not done the superior court has no jurisdiction of the appeal, and any action which the parties

may thereafter take which may be treated as a waiver of these mandatory provisions of the statute cannot confer upon the court jurisdiction to hear the appeal.

[4] ID.—FILING OF NOTICE OF MOTION TO SET CAUSE FOR TRIAL—ABSENCE OF WAIVER.—Failure to file a valid undertaking on a justice's court appeal within the required time is not waived by the mere filing of a notice of motion to set the cause for trial in the superior court.

APPLICATION for a Writ of Mandamus to require dismissal of a justice's court appeal. Granted.

The facts are stated in the opinion of the court.

Faulkner & Faulkner for Petitioner.

Robinson & Brown and Joseph P. O'Rourke for Respondents.

NOURSE, J.—This is a petition in *mandamus* to require respondents to dismiss an appeal from a judgment rendered by the justice's court. On the twenty-first day of June, 1920, petitioner herein, as plaintiff, recovered a judgment against Belle Bennett and John C. Orcutt in the justice's court in the city and county of San Francisco on an assigned claim for taxi hire in the sum of $187.75. On the twenty-fifth day of the same month counsel for defendants filed in the justice's court a notice of appeal on behalf of both defendants. On the 29th of June there was filed what purported to be an undertaking on appeal from said judgment, but which refers to a judgment against John C. Orcutt only, and states that "said defendants are dissatisfied with said judgment and desirous of appealing therefrom" and that "said appellants claim a stay of proceedings," and that "said appellants will pay the amount of the judgment so appealed from." Numerous interlineations appear upon the face of the undertaking, which would indicate an intention of some one, either before or after its execution, to change it to a bond in favor of the defendant Orcutt alone and at the same time to convey the impression that it was a stay bond for both appellants. No objection was made to the form of the undertaking or to the sufficiency of the sureties thereon by the plaintiff in the justice's court action within the time allowed

by law, but thereafter and on the twenty-first day of July, 1920, she gave notice of a motion to set the cause for trial before the superior court, said motion being noticed for hearing at a date after the expiration of the time within which the appellants in said action might have perfected their appeal. Thereafter the plaintiff in said action, and petitioner herein, moved said court for an order dismissing said appeal on the ground that it had not been perfected as required by law. This motion was denied and petitioner now asks that the court be directed to enter its order dismissing said appeal.

[1] The purported undertaking is clearly insufficient for any purpose. The interlineations and alterations appearing thereon are of such a nature as would avoid liability on the part of the sureties. It was apparently filed in support of a notice of appeal given on behalf of both defendants in a judgment against both, yet it refers to a judgment against one of the defendants alone and the singular and plural· are used in designating the defendants and appellants in such a way as to render the bond ineffective within the rule of *Zane* v. *De Onativia,* 135 Cal. 440, [67 Pac. 685]; *Title Ins. etc. Co.* v. *California etc. Co.,* 168 Cal. 397, 405, [143 Pac. 723]; *Brownell* v. *Superior Court,* 32 Cal. App. 227, [162 Pac. 419]; *Little* v. *Thatcher,* 151 Cal. 558, [91 Pac. 321]; *McAulay* v. *Tahoe Ice Co.,* 3 Cal. App. 642, [86 Pac. 912]; *Hibernia etc. Society* v. *Freese,* 127 Cal. 70, [59 Pac. 769]; *Bergevin* v. *Wood,* 11 Cal. App. 643, [105 Pac. 935].

[2] · In view of section 3513 of the Civil Code the respondent in a justice's court appeal may waive the filing of an undertaking for costs by the appellant, since the filing of such an undertaking is a matter provided for his sole benefit. To be effective such a waiver must, however, be made within the time within which such an undertaking might have been filed. [3] By the provisions of section 978a of the Code of Civil Procedure an undertaking on appeal must be filed within five days after the filing of the notice of appeal. If this is not done the superior court has no jurisdiction of the appeal, and any action which the parties may thereafter take which may be treated as a waiver of these mandatory provisions of the statute cannot confer upon the court jurisdiction to hear the appeal. (*Niles* v. *Gonzalez,* 152 Cal. 90, [92 Pac. 74]; *Perkins* v. *Cooper,* 87 Cal. 241, [25 Pac. 411];

*Crowley etc. Co.* v. *Superior Court,* 10 Cal. App. 342, [101 Pac. 935].)

In addition to this, it is alleged in the petition that the plaintiff in the justice's court action was not served with either a notice of the appeal or notice of the filing of the undertaking as required by law. Respondents deny that notice of appeal was not served, but the record which is presented as evidence in support of the respondents' case substantiates the allegations of the petition. No denial is made of the allegation that the plaintiff was not served with notice of the filing of the undertaking.

[4] Notwithstanding the great number of authorities which require the service of a notice of appeal in the justice's court and the filing of a valid undertaking in support thereof, respondents argue that all these matters were waived by petitioner's motion to set the cause for trial before the superior court, which it was claimed was made within thirty days from the entry of the judgment in the justice's court. The record, however, does not support respondents' argument. A notice was filed on July 21, 1920, the thirtieth day after the entry of judgment in the justice's court that on a future day the plaintiff in said action would move the superior court to set said cause for trial. It does not appear when this motion was made, but there is sufficient in the record to show that it could not possibly have been made within the thirty-day period. No authorities are cited to the point that service of notice of appeal or the filing of a sufficient undertaking may be waived merely by the filing of a notice of motion to set a cause for trial And even though it could be treated as a waiver of the failure to serve notice of appeal, it cannot excuse the failure to file a valid undertaking within the time required.

Let the writ issue as prayed.

Langdon, P. J., and Brittain, J., concurred.