[Civ. No. 4760.   Second Appellate District, Division Two.—September 29, 1924.]

I. B. HOBSON, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF TULARE et al., Respondents.

[1] APPEAL — UNDERTAKING — IDENTIFICATION. — An undertaking must identify the appeal which it is intended to support.

[2] JUSTICE'S COURT — APPEAL — UNDERTAKING — WHEN DEEMED EXECUTED.—An undertaking on an appeal from a justice's court judgment, though signed by the sureties on or prior to the day when they made oath as to their qualifications, was not executed until it was filed with the clerk.

[3] ID. — EXECUTION OF UNDERTAKING — ESSENTIALS. — In order to "execute" the undertaking it was necessary that all those things should be done which were necessary to render it a binding contract as between the sureties and the respondent on the appeal. This included the delivery of the undertaking, or the doing of that which, under the statute, is the substitute for delivery, namely, the filing of the instrument.

[4] ID. — APPEAL — WHEN EFFECTUAL. — An appeal from a justice's court judgment is not brought into existence by the mere filing of the notice of appeal. Not until the undertaking is filed is there an actual, effectual appeal.

[5] ID. — UNDERTAKING — APPEAL. — Where a notice of appeal from a justice's court judgment was filed three days after the date it bore, and an undertaking, which was signed and sworn to on the same day that said notice of appeal was dated, and which recited that the appealing party has appealed to the superior court, was filed on the same day, but after, the notice of appeal was filed, the appeal referred to in the undertaking was one which came into being at the instant when the undertaking was executed, i. e., when it was filed.

[6] ID.—AGENCY—UNDERTAKING—PRESUMPTIONS.—The attorney for the appellant on such justice's court appeal became the agent of the sureties for the purpose of filing the undertaking, and the sureties, who are charged with a knowledge of the law, must be presumed to have known that the serving and filing of the notice of appeal and the filing of the undertaking were all essential parts of one transaction, and that each of these activities was a necessary complement of a thing which was only perfected by the joint agency

1.   See 2 Cal. Jur. 368; 15 Cal. Jur. 525.
2.   See 2 Cal. Jur. 377; 15 Cal. Jur. 522.
4.   See 16 R. C. L. 404.

of all three acts; in other words, it must be presumed that the sureties, when they signed the undertaking and made the attorney for the appellant their agent to complete its execution by delivering it to the clerk for filing, knew that a perfected appeal would spring to existence when, and only when, the undertaking was filed.

[7] ID. — PAYMENT OF COSTS AWARDED — SUFFICIENCY OF UNDERTAKING.—The fact that the undertaking of sureties on a justice's court appeal is to pay all costs which may be awarded against the appellant and on his appeal, or on a withdrawal or dismissal, does not detract from the force of the document as a sufficient undertaking given in compliance with the statute. For, even if it be true that, upon the dismissal of an appeal, the adverse party becomes entitled to his costs as an incident of the law, nevertheless the costs to which he thus becomes entitled must be included in the judgment of dismissal, and thereupon they properly may be said to be "awarded" against the appealing party.

[8] ID.—MEANING OF PHRASE "TO AWARD."—To award is to adjudge, to give or assign by sentence or judicial determination.

---

(1) 3 C. J., p. 1148, sec. 1212 (Anno.); 35 C. J., p. 765, sec. 453 (Anno.). (2) 35 C. J., p. 762, sec. 449 (Anno.). (3) 35 C. J., p. 762, sec. 449 (Anno.). (4) 35 C. J., p. 756, sec. 442. (5) 35 C. J., p. 765, sec. 453 (Anno.). (6) 22 C. J., p. 148, sec. 85; 35 C. J., p. 762, sec. 449 (Anno.). (7) 35 C. J., p. 766, sec. 455. (8) 6 C. J., p. 876 (Anno.).

PROCEEDING on Certiorari to annul a judgment of the Superior Court of Tulare County given on an appeal from a Justice's Court judgment. W. B. Wallace, Judge. Judgment of Superior Court affirmed.

The facts are stated in the opinion of the court.

William T. Kearney for Petitioner.

W. G. Machetanz and Karl A. Machetanz for Respondents.

FINLAYSON, P. J.—This is an original proceeding in *certiorari* to annul a judgment of the superior court for Tulare County in an action pending in that court on appeal from the judgment of a justice of the peace.

Petitioner was the defendant in an action in the justice's court of Alpaugh Township, brought against him for the recovery of money. The justice's judgment, which was in petitioner's favor, was docketed March 19, 1924. In due

time the plaintiff in the action served and filed in the justice's court a notice of appeal from the judgment. The notice bore date the 9th of April, 1924, but was not filed until the 12th of April. Subsequently to the filing of the notice, but on the same day, the appealing party filed an undertaking on appeal, bearing date the ninth day of April. That undertaking, after the title of court and cause, is as follows: "Whereas, C. Fitch, the plaintiff in the above entitled action, *has appealed* to the Superior Court of the County of Tulare, State of California, from a judgment made and entered against him in said action on the 19th day of March, 1924; now, therefore, in consideration of the premises and of *such* appeal, we, the undersigned, do hereby jointly and severally undertake and promise in the sum of One Hundred ($100.00) Dollars that the said appellant will pay all costs which may be *awarded* against him on said appeal or on a withdrawal or dismissal, not exceeding One Hundred ($100.00) Dollars, to which we acknowledge ourselves jointly and severally bound. In witness whereof we have hereunto set our hands this 9th day of April, 1924. C. R. McEvers, C. E. Baxter." (Italics ours.) It appears from the notary's jurat that the sureties' affidavit as to their qualifications was sworn to by them on April 9, 1924.

Petitioner contends: (1) that the undertaking is ineffectual because it refers to a nonexistent appeal, and (2) that it is not in the form required by the statute.

[1] Without doubt the undertaking must identify the appeal which it is intended to support. (*Little* v. *Thatcher,* 151 Cal. 558 [91 Pac. 321].) But we cannot agree with petitioner that the undertaking here under consideration falls short of this requirement or that it refers to a nonexistent appeal. In substance, petitioner's argument in support of his first point amounts to this: Because the undertaking is dated April 9, 1924, and was sworn to on that date, it must have been "executed" by the sureties on that date, which was three days prior to the day when the notice of appeal was filed; until the filing of the notice of appeal there was no appeal; wherefore the undertaking "executed" on April 9, 1924, so petitioner asserts, referred, at the date of its execution, to a nonexistent appeal.

Petitioner's argument is based upon two erroneous assumptions. [2] Though the undertaking unquestionably was *signed* by the sureties on or prior to the day when they made oath as to their qualifications, it was not *executed* until it was filed with the clerk, and that was not done until April 12, 1924, immediately following the filing of the notice of appeal. [3] In order to "execute" the undertaking it was necessary that all those things should be done which were necessary to render it a binding contract as between the sureties and the respondent on the appeal. This included the delivery of the undertaking, or the doing of that which, under the statute, is the substitute for delivery, namely, the filing of the instrument. (*State* v. *Alta Silver Min. Co.,* 24 Nev. 230 [51 Pac. 982]; *Paul* v. *Cragnaz,* 25 Nev. 293 [47 L. R. A. 540, 59 Pac. 857, 60 Pac. 983]; *Aldrich* v. *Public Opinion Pub. Co.,* 27 S. D. 589 [132 N. W. 278]; *Clarke* v. *Mohr,* 125 Cal. 540 [58 Pac. 176].) In *Paul* v. *Cragnaz, supra,* the court says: "The execution of the undertaking was not completed until delivered. Its delivery was effected by filing it with the clerk." It is said by our own supreme court in *Clarke* v. *Mohr, supra* (p. 543 [58 Pac. 177]), that until the undertaking is filed it "has no effect," but that "upon being filed it becomes an executed and valid obligation upon the sureties."

[4] Equally false is petitioner's assumption that the appeal was brought into existence by the filing of the notice of appeal. Not until the undertaking was filed was there an actual, effectual appeal. Though it is stated in section 974 of the Code of Civil Procedure that an appeal from a justice's court is taken "by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party," it is declared in section 978 that the appeal "is not effectual for any purpose" unless the undertaking on appeal be filed. An appeal that is not effectual for any purpose is a nullity. (*Kelsey* v. *Campbell,* 38 Barb. (N. Y.) 241.) In *Kaltschmidt* v. *Weber,* 139 Cal. 77 [72 Pac. 632], the court, construing similar code provisions—those relating to appeals from the superior court—employed this language: "Notwithstanding the giving of the notice [of appeal], if no undertaking be executed and filed within the statutory time, there is in fact no appeal." See, also, *Moffat* v. *Greenwalt,* 90 Cal. 368 [27

Pac. 296], where it is said that the "jurisdiction of the superior court attached upon the perfecting of the appeal by filing the undertaking." Speaking of a similar statutory provision, the New York supreme court, in *Kelsey* v. *Campbell, supra,* expressed itself as follows: "An appeal without an undertaking amounts to nothing, and accomplishes nothing. For the section requiring an undertaking declares that without it the appeal shall not be effectual for any purpose. An appeal which is not effectual for any purpose is a nullity. It effects nothing."

[5] From the foregoing we think it clear that the appeal referred to in this undertaking was one which came into being at the instant when that instrument was executed, i. e., when it was filed. [6] The attorney for the appellant became the agent of the sureties for the purpose of filing the undertaking. (*Hibernia etc. Soc.* v. *Freese,* 127 Cal. 71 [59 Pac. 769].) The sureties, who are charged with a knowledge of the law, must be presumed to have known that the serving and filing of the notice of appeal and the filing of the undertaking were all essential parts of one transaction, and that each of these activities was a necessary complement of a thing which was only perfected by the joint agency of all three acts. In other words, it must be presumed that the sureties, when they signed the undertaking and made the attorney for the appellant their agent to complete its execution by delivering it to the clerk for filing, knew that a perfected appeal would spring into existence when, and only when, the undertaking was filed. That document, therefore, speaking as of the date of its execution, expressed only the truth when it declared that the plaintiff in the action "has appealed to the superior court."

The authorities cited by petitioner are clearly distinguishable from the present case, In *Hibernia etc. Soc.* v. *Freese, supra*—the case mainly relied upon by petitioner—the appellant, after having served and filed one notice of appeal, served and filed a second notice. The undertaking was signed by the sureties after the filing of the first notice but before the serving or filing of the second. It is obvious that at the time when the sureties signed the undertaking, and likewise at the time when they authorized the attorney to complete its execution by filing it with the clerk, the only

appeal which they could possibly have had in mind was the one which had been initiated and partially perfected by the serving and filing of the first notice of appeal. The case bears no resemblance whatever to the situation here presented. Here there was but one notice of appeal; the appeal itself, as we have shown, became an "effectual," perfected appeal upon the filing of the undertaking; and the latter document, speaking of conditions which obtained at the instant when its execution was completed, referred to and identified an existing appeal—one which came into being synchronously with its own birth as a fully executed undertaking.

In support of his second point petitioner presents an argument substantially as follows: The undertaking required by the statute is one whereby the sureties undertake to pay "the costs on the appeal" (sec. 978, Code Civ. Proc.); the words "costs on the appeal" include any costs to which the adverse party may become entitled if the appeal be dismissed; upon a dismissal of an appeal the costs are not *awarded* on the appeal, but are an incident as a matter of law—citing *Duncan* v. *Times-Mirror Co.*, 109 Cal. 604 [42 Pac. 147]; hence, so it is argued, an undertaking which, like the one before us, obligates the sureties to pay all costs which may be *awarded* against the appellant on the appeal, or on a withdrawal or dismissal, is not an undertaking to pay "the costs on the appeal." The ultra refinement of this thinly spun point is only exceeded by its lack of merit. In the first place, as is intimated in *Cohen* v. *Connick*, 26 Cal. App. 497 [147 Pac. 479], it is by no means certain that the statutory undertaking on an appeal from a justice's court obligates the sureties to pay costs on a withdrawal or dismissal of the appeal. But this aside, it is difficult to imagine what "costs" are alluded to in the undertaking here in question, unless all the costs on the appeal be intended. The sureties undertake to pay "*all* costs which may be awarded against [the appellant] on said appeal." [7] The fact that the undertaking of these sureties is to pay all costs which may be *awarded* against the appellant does not detract from the force of the document as a sufficient undertaking given in compliance with the statute. For, even if it be true that, upon the dismissal of an appeal, the adverse party becomes entitled to

his costs as an incident of the law, nevertheless, the costs to which he thus becomes entitled must be included in the judgment of dismissal, and thereupon they properly may be said to be "awarded" against the appealing party. [8] "To award is to adjudge, to give or assign by sentence or judicial determination." (*Starkey* v. *Minneapolis,* 19 Minn. 169.)

We conclude, therefore, that the appeal was properly taken and that the superior court possessed jurisdiction to enter the judgment given by it on the appeal. Wherefore the judgment of the superior court is affirmed.

Works, J., and Craig, J., concurred.