[Civ. No. 4902. Third Appellate District.—April 3, 1933.]

ALLO WILLIS, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

Wayne P. Burke for Petitioner.

Mannon & Brazier for Respondents.

PULLEN, P. J.—The petitioner, Allo Willis, a minor, by her guardian *ad litem*, commenced an action in the Superior Court of Mendocino County for personal injuries sustained by her while a passenger in the automobile of the defendant named.

Thereafter petitioner sought leave of the court to further prosecute the action *in forma pauperis*. From an order denying permission to so prosecute, petitioner, by this writ of mandate, seeks to gain such right. ▮ That courts of this state have the power to remit the payment of fees is well established. (*Martin* v. *Superior Court,* 176 Cal. 289 [168 Pac. 135, L. R. A. 1918B, 313]; *Watt* v. *Superior Court,* 35 Cal. App. 330 [169 Pac. 916]; *Hammond* v. *Justice's Court,* 37 Cal. App. 506 [174 Pac. 69].) In fact, such right is not disputed by the respondents herein, but they base their objection to the granting of the request in this instance in that petitioner herein has not made a sufficient showing of her inability to entitle her to such an order.

▮ The application to the trial court being based entirely upon affidavits, let us examine the facts so presented upon behalf of petitioner in support of the motion.

Allo Willis, the petitioner, sets forth in her affidavit that she is a minor, and that she has no money, property, assets, credit, means or ability with which to pay the legal fees or charges necessary to further prosecute the action, and by reason of her poverty will be unable to proceed unless permitted to do so *in forma pauperis*. She also declares that she is the only one interested in the successful prosecution of the action, and no part or interest in any judgment which may be obtained in this proceeding is owned by anyone other than herself.

A. B. Willis, in a supporting affidavit, deposes that he is the father of petitioner and her guardian *ad litem*. That petitioner is less than fifteen years of age and does not own or possess any assets of any kind or character other than the cause of action sued upon. Affiant further avers that he has no money, property, credit or other means with which to prosecute the action, and is not possessed of any amount in excess of $25; that he has paid all costs of prosecuting this action to date from his own funds; that such funds have been reduced to less than $25, and all of said sum is now necessary to provide food and clothing for his wife and two minor children, who are wholly dependent upon him; furthermore, that he had made every effort to induce friends to advance the sum necessary to pay the legal charges of prosecuting the action, but has failed to induce anyone to do so.

While it is true that certain conclusions are set forth in the affidavit of the guardian *ad litem*, particularly as to the efforts made by him as to the specific efforts he may have made to induce friends to advance the necessary sums, or whom he has approached in an endeavor to obtain such financial assistance, but in the light of the requirements laid down in the leading case of *Martin* v. *Superior Court, supra,* there is still sufficient in the affidavit to show his financial inability to assume the costs. As is stated in the case of *Fils* v. *Iberia etc. Co.,* 145 La. 544 [82 So. 697], "because friends, or sympathetic or charitable persons, are willing to come to his assistance, rather than see him deprived of legal recourse, detracts in no way from his poverty within the intendment of the *forma pauperis* act." (Citing cases.)

■ As a part of the affidavit of petitioner, and also of the guardian *ad litem*, is an affidavit of merits, but this is not essential where, as here, the action has been brought and is at issue on its merits, and the court can, from an examination of the pleading, determine for itself whether or not a substantial issue is raised..

■ Wayne P. Burke, the attorney of record for petitioner, avers that he owns no interest in the cause of action, and waives any and all rights which he may have theretofore acquired in any judgment which petitioner might recover in the action, and that he is willing to act as the

attorney for the petitioner, but is not willing to advance the legal charges for petitioner to prosecute the action.

It has been held in several states where, as in California, there are no statutes against champerty, that an attorney who represents a client and has an agreement with the client whereby his fee for services is contingent upon the success of the suit, that the attorney's interest in the suit was such that he should be required to give security for costs, or in case he should not do so, should be required to file a pauper's oath as well as the client. (*United States ex rel. T. L. Randolph* v. *J. W. Ross, District Judge,* 298 Fed. 64 [33 A. L. R. 728].)

That situation is not before us, for we have a waiver by the attorney of any interest he might have theretofore acquired in the action, and inasmuch as his client is a minor, any fee that might be agreed upon must be approved by the court before payment. We do not, therefore, believe that the attorney, under the facts here, must do more than state his unwillingness to become surety for the costs.

In the case of *Majors* v. *Superior Court,* 181 Cal. 270 [184 Pac. 18, 22, 6 A. L. R. 1274], the court said, in passing upon a similar application: "We wish most emphatically to declare our conviction that such discretion should be used with the utmost care to the end that unworthy persons who are neither indigent nor possessed of substantial rights may not enjoy the privilege." However, weighed even by that strict rule of construction, we must hold that the affidavit and petition of plaintiff and the affidavits in support thereof sufficiently establish the fact that petitioner falls within the scope and intent of the privilege accorded paupers.

Let the writ issue.

Plummer, J., and Thompson, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.