[Civ. No. 974.   Fifth Dist.   July 22, 1968.]

BOYD L. ROBERTS, Petitioner, v. THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent; CREDIT BUREAU SERVICES, Real Party in Interest.

Sheldon L. Greene, Clark F. Ide and John P. Kelley for Petitioner.

No appearance for Respondent.

Moody & Nelson, Gilbert Moody and Oliver K. K. Nelson for Real Party in Interest.

CONLEY, P. J.—This proceeding was instituted by Boyd L. Roberts in an attempt to secure a waiver of the necessity of filing an undertaking on appeal in his effort to perfect an appeal from the Turlock Justice Court to the Superior Court of Stanislaus County when proceeding *in forma pauperis*. The petition for a writ of mandate shows that on April 18, 1966, Credit Bureau Services secured a default judgment against petitioner for $484.98, based on a loan agreement between Town & Country Finance and petitioner's son, in which the petitioner was a co-signer. On November 26, 1967, Credit Bureau Services levied on petitioner's 1963 Chevrolet pickup truck; on November 29, 1967, pursuant to section 690.4 of the Code of Civil Procedure, petitioner filed a claim of exemption on the alleged ground that the pickup truck was used by him as a tool or implement of a mechanic or artisan necessary to carry on his trade. The claim of exemption being opposed, a trial of the claim was heard, pursuant to section 690.26 of the Code of Civil Procedure. On January 2, 1968, the Turlock Justice Court entered judgment denying petitioner's claim of exemption, and the constable of the Turlock Justice Court was ordered to proceed with the levy on the 1963 pickup truck and to sell said truck.

On January 11, 1968, an amended notice of appeal on issues of law and fact was filed with the clerk of the justice court, pursuant to section 152(b) of the California Rules of Court. On January 15, 1968, pursuant to a stipulation between counsel of the contending parties, petitioner moved for an order of the justice court waiving the undertaking on appeal required-by section 985.5 of the Code of Civil Procedure. In support of the motion, petitioner asked leave to proceed *in forma pauperis* and supported said motion by his own declaration, that

of his counsel, and two affidavits of bonding company representatives that petitioner was indigent and could not, therefore, obtain an undertaking on appeal. The petitioner below also noted that an enforced failure to waive the filing of the undertaking on the ground of indigency would be a denial of due process and of equal protection of the law under the United States Constitution and the Constitution of the State of California.

The justice court judge stated that he did not know whether he had authority to waive the undertaking, but he did not want to prejudice petitioner's right to a trial de novo in the superior court and that he would, therefore, forward the file to the upper court for filing. This was done, and the superior court once actually set the case for trial on April 22, 1968, at 10 a.m. However, on February 6, 1968, a notice of motion to dismiss the appeal was filed by the opposing side and on February 16, the notice of motion to vacate the original default judgment of April 18, 1966, was made by petitioner with the stipulation that it could be heard on February 21, at the same time as the motion to dismiss the appeal.

On February 21, 1968, the motion to dismiss the appeal and the motion to vacate the default and set aside the judgment were heard on the law and motion calendar of the superior court; petitioner noted that dismissal of his appeal and denial of his right to a trial de novo of his claim of exemption would violate his constitutional rights as it would deny him due process and equal protection of the law. On April 3, 1968, an amended decision was rendered by the superior court granting Credit Bureau Services' motion to dismiss the appeal on the ground of the failure to file an undertaking in the sum of at least $100. The superior court thus refused to entertain petitioner's application to proceed *in forma pauperis*.

The sole ground for dismissal of the action was that the appeal bond was not filed and that such failure could not be waived. The court states in part in its order:

"1) That the defendants' motion to file an appeal without bond herein is denied upon the ground that under and by virtue of the provisions of Section 978 of the Code of Civil Procedure relating to appeals from justice courts to Superior Courts, any attempted appeal is in fact ineffectual for any purpose unless and until there has been filed by the proposed appellant an undertaking in the sum of not less than $100.00 executed by two sureties providing therein for the payment of the costs on the appeal.

238:

"2) That the proposed appellant in this matter having failed to file said bond, said attempted appeal is for all purposes ineffectual."

■ ▪ This was an inferential holding that it was legally impossible for a court in California to waive the filing of the undertaking on appeal. If, on the other hand, the undertaking may be waived under the law, the holding of the court below is wrong. It is our decision that this undertaking may be waived in a proper case under applicable principles, and that the showing of petitioner was such that it was the duty of the superior court to waive the undertaking.

In the leading case of *Martin* v. *Superior Court*, 176 Cal. 289 [168 P. 135, L.R.A. 1918B 313], the Supreme Court ruled, without the possibility of misunderstanding, that the courts of this state have the right to remit legal fees for those who are not able to pay them and who plead poverty. The opinion in that case points out that this state adopted the common law in those matters not otherwise controlled by legislative enactment, and that the courts under the common law rule had the inherent power to order that fees provided by law be remitted. In the opinion, at page 293, it is said: "It would be strange, indeed, if our legislature should have designed to limit the applicability of the code section to the ancient and frequently most barbarous rules and customs of the common law, and in so doing refuse to take into account the mitigation of their harshness and the broadening of the rules themselves which followed the successive enactments of the English statutes. To the contrary, we hold that our legislature in its use of the phrase 'common law' had in contemplation the whole body of that jurisprudence as it stood, influenced by statute, at the time when the code section was adopted. And more than that, that it embraced also in its contemplation the great handmaiden and coadjutor of the common law, equity. . . . Manifestly no harm can be done by this construction of the language of the code, since that language itself limits the applicability of the common-law system to such of its rules and principles as are not repugnant to nor inconsistent with the spirit of our own law."

■ That the fees required by code section or statute for the carrying on of litigation in our courts generally may be waived when a litigant sues or defends *in forma pauperis* is the applicable rule in California. (*Majors* v. *Superior Court*, 181 Cal. 270 [184 P. 18, 6 A.L.R. 1274] ; *Hammond* v. *Justice's Court*, 37 Cal.App. 506 [174 P. 69] ; *Willis* v. *Superior*

*Court,* 130 Cal.App. 766 [20 P.2d 994]; 20 Am.Jur.2d, Costs, § 47, pp. 37-38.) (See also: re proof *in forma pauperis, Adkins* v. *E. I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 338-339 [93 L.Ed. 43, 48-49, 69 S.Ct. 85, 11 A.L.R.2d 599].)

The question here, however, is whether the same rule applies to those features of litigation, which require protection to opposing litigants in the event they are successful and are hence entitled to recover their costs. Certain it is that the rule does not serve to permit those who act *in forma pauperis* to secure from the opposite side concessions which would require the opposing party, or some other private person such as the official court reporter, to pay out money or its equivalent for the production of transcripts. (*Rucker* v. *Superior Court,* 104 Cal.App. 683 [286 P. 732]; *Kaufman* v. *Brown,* 106 Cal.App.2d 686 [235 P.2d 632]), and two early cases even assumed that the filing of an undertaking is a requirement to perfect an appeal from a justice court. (*Coker* v. *Superior Court,* 58 Cal. 177; *McConky* v. *Superior Court,* 56 Cal. 83.) However, early cases also point out that the furnishing of an undertaking is not jurisdictional in the strict sense in that such an undertaking may be waived by those whom it is designed to protect (*Robert* v. *Superior Court of Los Angeles County,* 38 Cal.App. 199 [175 P. 800]; *Mathis* v. *Superior Court,* 50 Cal.App. 652 [195 P. 711]). And modern decisions hold that the courts have reached the conclusion in recent times that the furnishing of a bond or undertaking required for the protection of the costs of successful opposing parties may be eliminated by a trial court in a proper case under the principles of procedure *in forma pauperis.* The first of these cases is *County of Sutter* v. *Superior Court,* 244 Cal.App.2d 770 [53 Cal.Rptr. 424]; it held that the trial judge could waive the provision contained in section 947 of the Government Code requiring, upon demand, the filing of an undertaking on the part of any plaintiff who sues a public entity; the undertaking, according to the code, should amount to $100 for each plaintiff ". . . or such greater sum as the court shall fix upon good cause shown, . . ." The code section proceeds: "Unless the plaintiff files such undertaking within 20 days after service of a demand therefor, his action shall be dismissed." The explicit language of the code section is strict and no exception is noted. Still, the Court of Appeal, Third Appellate District, held that the trial judge had the power to proceed without the filing of the required undertaking, saying at page 775:

"Although the Legislature has power to modify or abrogate common law rules, a general statute such as section 947 does not diminish judicial authority resting upon the statutory importation of common law doctrine. 'Neither individually nor collectively are [such statutes] even susceptible of the construction that the design of the legislature was to deny to the courts the exercise of their most just and most necessary inherent power.' (*Martin* v. *Superior Court, supra,* 176 Cal. at p. 297; see also *Blevins* v. *Mullally,* 22 Cal.App. 519, 533 [135 P. 307].)''

The latest case to the same effect was similarly disposed of by this court (*Bank of America* v. *Superior Court,* 255 Cal. App.2d 575 [63 Cal.Rptr. 366]). The question involved in that case was whether or not the real parties in interest were legally right in their demand that nonresident litigants should file security for costs pursuant to section 1030 of the Code of Civil Procedure. One A. D. Willburn filed an action in the Fresno County Superior Court against petitioners and others seeking damages. On July 25, 1966 petitioners filed a demand for security for costs, and, thereafter, on November 17, 1966, Wilburn was adjudicated a bankrupt. The trustee in bankruptcy authorized local counsel to proceed with the action and suggested to counsel by letter that perhaps Willburn, individually, might post security for costs and proceed with the action as there were no funds in the bankruptcy estate. Thereafter, Willburn filed a declaration stating that he had been adjudged a bankrupt and had no money with which to pay fees or court costs. He moved the court for an order exempting him from the deposit of security for costs; the trial court having granted the motion, the petition for a writ of prohibition followed. This court denied the petition. In the opinion, at page 577, it is said: "The *Sutter* opinion, in affirming the trial court, reviews the historical development of the *in forma pauperis* dispensation of an indigent litigant's fees. The opinion notes the distinction between 'public fees' as costs which clearly can be waived under the doctrine of *in forma pauperis,* and waiver of security designed to insure an opposing party his costs. The novel aspect of the decision is the court's conclusion that unless a statute requiring the posting of security for costs clearly and manifestly expresses an intent to deprive the courts of their common-law power to waive fees and security for costs of an indigent litigant, under the doctrine of *in forma pauperis* the court retains this inherent power.

"Applying this test to Government Code section 947, the

court said, at pages 774-775: 'A number of American decisions permit the maintenance of poor persons' litigation notwithstanding their inability to comply with cost security statutes. [Citation.] . . .

" 'Accepting as we do the concept that the California *in forma pauperis* power covers security for costs, we inquire whether that power is curtailed by Government Code section 947. In seemingly mandatory terms, the statute says that the suit "shall be dismissed" if the plaintiff fails to file an undertaking within 20 days of the defendant's demand. Despite the superficially mandatory language, *Boyer* v. *County of Contra Costa,* 235 Cal.App.2d 111, 115 [45 Cal. Rptr. 58], holds that the filing period specified in section 947 is not jurisdictional; that, as with similar statutes, the courts have discretionary power to permit late filing. Section 947 is hardly less mandatory than statutes requiring filing fees and jury fees (e.g., Code Civ. Proc., §§ 405.5, 631). Such statutes do not trench upon judicial power to permit litigation *in forma pauperis.* Although the Legislature has power to modify or abrogate common law rules, a general statute such as section 947 does not diminish judicial authority resting upon the statutory importation of common law doctrine. "Neither individually nor collectively are (such statutes) even susceptible of the construction that the design of the legislature was to deny to the courts the exercise of their most just and most necessary inherent power." [Citations.] ' "

These two cases are at one with the spirit of modern decisions in this state and in the United States, and as the applicable section of the Code of Civil Procedure does not provide that the filing of the appeal bond cannot be waived, we hold that it was within the power of the superior court to waive the requirement. In view of this holding, it is unnecessary to consider other points urged by petitioner.

The petition for the issuance of a peremptory writ of mandate is granted, and the trial court is instructed to set aside its dismissal of the appeal, to reinstate the appeal and to proceed to a hearing thereof in the same way as if an undertaking had been filed in accordance with the statute; sale of the truck by the constable is permanently enjoined; the stay order is otherwise set aside.

Stone, J., and Gargano, J., concurred.