[S. F. No. 1771. Department One.—August 8, 1899.]

J. F. CLARKE, Appellant, v. H. MOHR et al., Respondents. TIMOTHY HURLEY, Intervenor, Appellant.

APPEAL—DISMISSAL—UNDERTAKING ON NEW TRIAL ORDER—CONSIDERATION—ALTERATION.—An undertaking on appeal from an order denying a new trial before it is entered is without consideration; and the subsequent interlineation of the date of the order in such undertaking is an alteration which discharges the sureties from all obligation thereupon, and such appeal must be dismissed.

ID.—APPEAL FROM JUDGMENT—SUFFICIENCY OF UNDERTAKING—SURPLUSAGE.—The undertaking upon appeal from the judgment is distinct from that upon appeal from the order denying a new trial, though both may be included in the same instrument, and, where such undertaking is supported by a sufficient consideration, and was filed in proper time, the invalidity of the undertaking upon appeal from the new trial order or a material alteration therein does not affect the appeal from the judgment, but the language in reference to the new trial order may be regarded as surplusage.

ID.—SERVICE OF NOTICE OF APPEAL.—The notice of appeal from a judgment is not required to be served upon defendants who do not appear from the record to have been served with summons, or to have appeared in the action.

ID.—DISMISSAL—GROUNDS OF MOTION—WANT OF SUFFICIENT UNDERTAKING—WAIVER.—An appeal cannot be dismissed for want of a sufficient undertaking where it is not made a ground of the motion of a respondent, as the respondent may have waived the giving of the undertaking.

MOTIONS to dismiss appeals from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court. .

Alfred Clarke, for Appellant.

Wilson & Wilson, and H. Wilkins, for Kate C. Byrne and John E. Byrne, Respondents.

T. J. Crowley, for H. I. Kowalsky, Respondent.

A. R. Cotton, and W. H. H. Hart, for Florence Blythe Hinckley, Respondent.

HARRISON, J.—Motions to dismiss the appeals. The plaintiff commenced this action to recover judgment in her favor upon a promissory note executed by the defendant, Kate C. Byrne, and for its payment out of the sale of a certain security given therefor, and also for determining the rights of the other defendants in the proceeds of said sale. Mrs. Byrne filed an answer to this complaint denying its several allegations. Complaints in intervention were thereafter filed by H. I. Kowalsky and by Timothy Hurley, and to these complaints answers were filed by the plaintiff and by Mrs. Byrne. The cause was tried by the court and judgment entered June 20, 1898, "that the intervenor Henry I. Kowalsky have and recover from the defendant Florence Blythe Hinckley the sum of fifteen hundred dollars, and that plaintiff take nothing by this action, and that said intervenor, Timothy Hurley, take nothing by this action, and that this action be dismissed as to all the other defendants therein." The motion for a new trial was denied December 2, 1898. From this order, and from the judgment, the plaintiff and the intervenor Hurley have appealed.

1. The defendants Byrne and the intervenor Kowalsky have moved to dismiss the appeals upon the ground that no sufficient undertaking on appeal has been filed in behalf of either appellant. These undertakings, for the sum of three hundred dollars each, are dated August 9, 1898, and on that day the sureties qualified as such before a notary public, but the undertakings were not filed until December 3, 1898. Each of the instruments recites that judgment has been rendered against the appellants therein "and motion for new trial was denied Dec. 3rd, 1898"; that the appellant is dissatisfied with said

judgment "and denial of new trial," and is desirous of appealing therefrom; that in consideration of the premises and of such appeal the sureties undertake and promise, et cetera.

It is claimed in support of the motions that the undertakings have been altered since their execution by the insertion and interlineation therein of the above-quoted words "and motion for new trial was denied Dec. 3rd, 1898," and the words "and denial of new trial," and that thereby the undertakings became invalid. There are many reasons, as well from the appearance of the undertakings themselves as from the circumstances connected with their filing, in support of the contention that the above interlineations were made after the instruments were signed and verified; but the appellants have presented affidavits by the sureties thereon, in which they state that with the exception of the words, "Dec. 3rd, 1898," the above-quoted words were inserted in the undertakings at the time they were signed. These affidavits are not contradicted, and we must hold that the facts are as therein stated.

At the time the instruments were signed the motion for a new trial had not been presented to the court for its consideration, and the order denying it was not made until December 2, 1898. There was, therefore, no right of appeal therefrom on behalf of either of the appellants at the time they were signed and verified, and consequently no consideration for the execution of an undertaking upon such appeal. The interlineation of the words, "Dec. 3rd, 1898," after the signing of the undertaking, was such an alteration of the contract entered into by the sureties as to discharge them from all obligation thereon. It is not shown when or by whom the alteration was made, but the respondents are entitled to an undertaking sufficient in both fact and form, and are not to be subjected to the necessity of showing that the sureties thereon are liable by reason merely of an estoppel *in pais.* The undertaking upon the appeal from the order denying a new trial must therefore be held invalid.

The undertaking on the appeal from the judgment is, however, distinct from that upon the appeal from the order denying a new trial, and, although both may be included in the same instrument, the validity of each is to be determined by

a reference to the appeal for which it is given. An appeal from the order is frequently dismissed, while that from the judgment is allowed to remain, and *vice versa*. The words in the instrument herein referring to the order denying a new trial do not affect the undertaking upon the appeal from the judgment and may be regarded as surplusage. At the time the instrument was signed by the sureties the judgment had been entered, and the subsequent appeal therefrom was a sufficient consideration to make it a valid and effective obligation whenever it should be filed. The statute does not require that the undertaking shall not be signed by the sureties until after the appeal is taken, or limit any time between the two acts, but merely requires that it shall be "filed" within five days after the service of the notice of appeal. (Code Civ. Proc., sec. 940.) The undertaking has no effect until that time, but upon being filed it becomes an executed and valid obligation upon the sureties. (See *Wheeler v. Farmer*, 38 Cal. 215.)

2. A motion is also made on behalf of the respondent Hinckley to dismiss the appeal upon the ground that the notice of appeal was not served upon certain other defendants. The record does not show, however, that either of these defendants were served with the summons in the action, or appeared therein, and consequently service upon them of the notice was not required. (Code Civ. Proc., sec. 1014.) Unless they had been brought before the superior court they would not be affected by its judgment, or by any reversal thereof by this court.

The want of a sufficient undertaking is not made a ground of the motion by this respondent and cannot therefore be considered. (*Pignaz v. Burnett*, 119 Cal. 157.) The respondent may have waived the giving of the undertaking.

The motions to dismiss the appeals from the judgment are denied. The appeals from the order denying a new trial are dismissed as to the respondents Kowalsky and Byrne, and the motion therefor by the respondent Hinckley is denied.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.