## CLARKE v. MOHR et al. (KOWALSKY et al., Intervener)[*]

### S. F. No. 1771; January 18, 1900.

#### 59 Pac. 825.

**Appeal—Alteration of Record—Dismissal.—Where, After Numerous Motions** to supply the defects in a record in the supreme court, appellant's attorney makes alterations in the printed record, by underscoring various passages, and by marginal notes and interlineations in writing, for the purpose of directing attention to particular parts of the record, and, without leave of court, alters his reply brief by pasting therein numerous leaflets containing citations of authorities, and comments thereon, of which no service is made on opposing counsel, thus imposing upon the court more labor than would have been required to dispose of the case on its merits if presented in an orderly manner, and there appears to be no substantial merit in the appeal, it will be dismissed.

APPEAL from Superior Court, City and County of San Francisco.

Action on a promissory note by J. F. Clarke against Henry Mohr, Kate C. Byrne, Florence B. Hinckley and others. Complaints in intervention were filed by Henry I. Kowalsky and Timothy Hurley. From a judgment in favor of the intervener

---

*For former opinion, see 125 Cal. 540, 58 Pac. 176.

Kowalsky, plaintiff and the intervener Hurley appeal. Motion by intervener Kowalsky to dismiss the appeal. Appeal dismissed.

Alfred Clarke for plaintiff; Wilson & Wilson and H. Wilkins for defendants; T. J. Crowley and A. R. Cotton for interveners.

PER CURIAM.—A printed transcript of a portion of the record of this case was filed here January 12, 1899, and since that date the court has been simply deluged with motions to supply its defects, and to dismiss the appeals from the judgment and order denying a new trial. At present the printed record and briefs make a very modest show by the side of the bulky mass of papers of every shape and hue—in manuscript and typewriting—which constitute the files of the case. The faults of procedure on the part of counsel have cost the court far more trouble than would have been required to dispose of the case upon its merits if it had been presented in the simple and orderly manner provided for in our rules, and the court is brought seriously to consider whether we are justified in devoting more of our time to the unraveling of the legal tangles gratuitously imported into this case at the expense of litigants who present the merits of their appeals unembarrassed by such superfluous difficulties.

Some months ago, in department 1, an order was made dismissing the appeals herein from the order denying a new trial, and overruling the motion to dismiss the appeals from the judgment: 125 Cal. 540, 58 Pac. 176. Since the order was made the attorney for appellants has taken the liberty of making a number of alterations in the printed record on file here by underscoring various passages, and by marginal notes and interlineations in writing. It is true that none of these alterations is of much consequence; for, in spite of them, the court can easily see what the real record is. The transcript is simply marred and defaced, without being materially altered or changed in meaning, and it is evident that the alterations were made, not with any intention of practicing an imposition upon the court, but rather for the purpose of directing attention to particular parts of the record, and to papers among the files which counsel supposes to have an important bearing upon his assignments of error. Besides these alterations in the record counsel for appellants has altered his

reply brief by pasting therein numerous leaflets, containing citations of authorities and comments thereon. As to these additional citations, the court would have permitted them in accordance with its usual practice, if leave had been asked, but it would have required service of the amendments on the opposing parties. It will thus be seen that, although the fault of counsel in making those unauthorized changes in the record and printed brief is not a trivial one, it is doubtful whether it is a sufficient ground for dismissing the appeals from the judgment, as we are again asked to do.

But one result of these alterations, and the motion to which they have given rise, is that we have been compelled again to go on through the papers in the case, and to make a pretty thorough examination, not only of the record proper, but of many of the loose papers which have been added to it. The result is the discovery that there is no substantial merit in the appeal. All that is left is the appeal from the judgment, which is fully in accordance with the substantial rights of the parties, it being plain from the unquestioned and unquestionable findings of the superior court that neither of the appellants was ever entitled to any relief in the action. On this point they make no serious contention that the superior court erred, but they attack the judgment for the intervener on various purely technical grounds. We cannot see what concern it is to them whether the intervener is entitled to a judgment or not. They do not have to pay it, and the defendants, who do have to pay, consented to it. Such being the case, we do not feel obliged to waste more time upon it. The appeals are dismissed.