ANTONIO MARTORELL, Plaintiff and Appellee, *v.* ANDINO & FEBRES, Defendants.—ANTONIO ANDINO, Intervenor and Appellant.

No. 4326. Argued November 28, 1927.—Decided May 8, 1928.

*Carmelo Honoré* for the appellant intervenor. *Adrián Agosto* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this case the appellee moved for dismissal of the appeal. The appellant opposed the motion and the court dismissed

the appeal. The reasons of the court for dismissing the appeal were stated in an opinion delivered by the Chief Justice as follows:

"Antonio Martorell brought an action of debt against the partnership Andino & Febres and attached a certain sum deposited in favor of the defendant in the American Colonial Bank. Antonio Andino, a partner of Andino & Febres, brought then this proceeding in intervention alleging that the sum attached belonged to him individually. The case was tried and the district court rendered judgment against the intervenor on May 26, 1927: An appeal was taken by Andino to this Supreme Court on June 14, 1927.

"At this stage Antonio Martorell, the successful party in the intervention proceeding, moved this court to dismiss the appeal, (1) because the appeal was taken after the expiration of the statutory time; (2) because notice of the appeal was not given to him in due form, and (3) because notice of the appeal was not given to Andino & Febres, one of the parties in this action.

"In his argument on the first ground of his motion Martorell contends that as the judgment was rendered on May 26, the notice of appeal was filed on June 14 and the time for appealing is within ten days from the date of the judgment, the conclusion is evident that the appeal was taken outside of the statutory time.

"Section 19 of the Act establishing the procedure in cases of intervention (Comp. 1911, sec. 5279) prescribes that 'Appeal may be taken from all judgments rendered in cases of claims brought by a third party, within ten days and in the manner provided in the Code of Civil Procedure, for all appeals.'

"In the case of *International Express & Foundry Co.* v. *Allen et al.*, 32 P.R.R. 780, this court said:

"'Under these circumstances the appeal should have been taken within ten days from the notice of judgment, and as the appeal was not so taken it must be dismissed.'

"Martorell argues that an examination of the record of the case cited shows that the question now raised by him was not raised there. That is true and it is likewise true that this court came to the conclusion, without stating the grounds therefor, that the time began to run from the notice of the judgment and not from the date of its entry. But the conclusion being now submitted to the criticism of the appellee and to our examination, we find that it conforms to the law, because by the wording of said section 19 ap-

.plication should be made in its entirety of the provision of the Code of Civil Procedure that the time within which to appeal is counted from the date of filing the notice with the record.

"The precedent established by this court in construing the special Unlawful Detainer Act (see the cases of *Figueroa et al.* v. *Sepúlveda*, 24 P.R.R. 645; *Ramírez* v. *Pérez*, 25 P.R.R. 214, and *Barbosa et al.* v. *Fernández*, 28 P.R.R. 283) is not applicable. Section 11 of the Unlawful Detainer Act definitely prescribes that 'Appeals *should* be taken within a period of five days *after the date of the judgment*,' and in section 14 that 'The appeals shall be heard and determined in accordance with the Code of Civil Procedure . . . .'

"It is sufficient to compare the text of section 19 of the Intervention Act with sections 11 and 14 of the Unlawful Detainer Act to conclude that they differ in their scope. Section 19 of the Intervention Act does not specify the point of computation and forthwith refers to the Code of Civil Procedure. Section 11 of the Unlawful Detainer Act definitely fixes that point and it is in another section of the act that reference is made in general to the Code of Civil Procedure applicable to the prosecution of the appeal when it has been duly taken in compliance not only with section 11 but with section 12 of the Act.

"The appellee contends that although his theory should not prevail, the result would be that the appeal had been taken outside of the time because it appears from the record that the judgment was notified on the day after it was rendered, or May 28, 1927.

"In fact the record contains an exact copy of the notice of the judgment to the attorney for the appellant with a note at the foot as follows: 'Notice of filing: On May 28, 1927, this copy is filed with the record and the original is sent to attorney Carmelo Honoré, San Juan, P. R. (Signed) Luis Vergne Ortiz, Clerk.'

"Section 2 of the Act to amend sections 92, 123, 227 and 299 of the Code of Civil Procedure, approved on March 9, 1911, Comp. 1911, sec. 5339, reads as follows:

" 'In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail (*sic*) a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the

case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.'

"Therefore, *prima facie* the record and the law are entirely in favor of the appellee. But it is alleged by the appellant that although that is true, it happened that .the envelope containing the notice was delivered to Antonio Linares, the messenger of the Department of Agriculture and Labor of which attorney Honoré is an official, and the said Linares put it in his pocket and forgot to deliver it until June 9, 1927, and that the said attorney Honoré did not know until that date that the judgment had been rendered. Affidavits of Honoré and Linares were submitted as proof of these facts.

"Prior to the amendment of 1911 no notice of judgments was required. It was sufficient to record them in the books of the court to produce the effects of notice. The system was changed. Giving notice was ordered, but the period was .fixed from the filing of the notice with the record and not from the date of the notice. It is evident that the idea of the law is to inform the interested party directly of the pronouncement of the judgment, but as it is the case of a document registered in a book having a public character and of attorneys who practice before the courts, and the difficulties that might arise in the practice being foreseen by the legislators, they did not wish to go too far in their innovation and fixed as a basis for computing the ,time the date of filing the copy.

"The filing of the copy presupposes that the notice was given, or rather was sent, to use the exact words ,of the law. Moreover, the clerk expressly mentioned in his note the sending of the original. The presumption may be destroyed by evidence. Was that done in the present case? No provision is made in section 2 which we have transcribed in regard to the manner of sending the notice. By applying the general provisions of section 320 of the Code of Civil Procedure, in the light of the affidavit of Linares, it will be seen that the notice was given in accordance with the said provisions.

"The office in which Honoré works during regular hours of the day is the Department of Labor. Linares is the official messenger of all of the bureaus of that department and sometimes, although rarely, he acts as porter, as stated by him. When the messenger from the court arrived with the package for Honoré containing the notice, Honoré was absent and the messenger, acting then as porter,

received it for him. Therefore the clerk fully complied with his duty.

" 'The legal provisions governing the jurisdiction of courts such as those relating to the term within which an appeal must be taken should be strictly applied and are not subject to the discretion of the courts,' as was held by this court in *Pérez* v. *Succession of Collado*, 19 P.R.R. 399. But even if we considered that we had discretion to excuse the appellant for his failure to act because of the conduct of the employee, the facts of the case do not warrant the exercise of that discretion. Notwithstanding the admission of the appellant that he had personal knowledge of the judgment on June 9, he did not file his notice of appeal until the 14th. There are other circumstances besides.

"Having reached the conclusion that the appeal was taken after the expiration of the statutory period, it is unnecessary to consider the other two grounds of the motion, although we desire to say that we are inclined to believe that they also would justify a dismissal.

"The appeal is dismissed."

The appellant was not satisfied and moved that the court reconsider its decision. One of the justices had taken no part in the case and it appearing that the question was worthy of broader consideration, the motion for reconsideration was granted and the parties were heard again.

The new examination made of the record leads us to the same conclusion. The opinion delivered is sustained except in so far as it refers to section 320 of the Code of Civil Procedure, and it should be explained besides that Mr. Justice Wolf thinks it unnecessary to refer to the delivery of the envelope to the messenger of the Department of Labor, because the only things to be shown are the filing of the notice with the record and the sending of the notice to the party or his attorney, if its sending were denied. Were it necessary to prove the delivery the said Justice has grave doubts that the delivery to the messenger would be sufficient.

The act establishing the new practice makes no mention of notices made directly to the attorney or to the party personally with the formalities of a summons, but of sending "a

written notice to the losing party or his attorney, . . . notifying him of the rendition . . . ." The manner of sending it is not specified and therefore the usual practice of sending it by messenger in an envelope to be delivered by him to the messenger or porter of the office where the attorney regularly works is not illegal. It might have been sent by mail. What else could be expected to have been done by the postman other than what the messenger of the district court did?

Neither the sending nor the receipt of the notice has been denied. It is admitted that it was sent and received on the date appearing in the record, but it is contended that it was received by the office messenger and through involuntary neglect he did not deliver it to the attorney opportunely.

Neither the attorney nor his client can complain. They ran the risk to which they exposed themselves by the attorney's practicing his profession while holding public office.

But there is more. We insinuated in our former opinion that the appeal might be dismissed also on the other grounds alleged, and from a new examination thereof we find that although it might be doubtful whether it would be proper to dismiss the appeal for failure to give due notice to Martorell of the appeal, it is evident that it should be dismissed for not having given notice to one of the parties to the action.

Quoting from the motion to dismiss:

"It does not appear from the record in this case that notice of the appeal was given to defendants Andino & Febres.

"One of the defendants and appellees in this case is the partnership of Andino & Febres, which may be affected by any modification or reversal of the judgment that might result from this appeal.

"This is so true that in his judgment in the present case the judge says:

" That the $509.69 attached and which originated this intervention proceeding belongs to the capital of the civil partnership of Andino & Febres.'

"If the $509.69 attached in the present case belongs to partnership of Andino & Febres so also should the $1,445.40 which is the amount of the check drawn on November 20, 1925, and from which

the sum of $509.69 is taken, therefore the partnership Andino & Febres is a loser or winner by a reversal or modification of the judgment in the present case and it was the duty of the intervenor to give it notice of the appeal.''

In his first brief nothing is said by intervenor Andino in answer to the first ground for dismissal. In his second brief in support of his motion for reconsideration the following is all that is said in regard thereto:

''As to the third ground, that is, the fact of the failure to notify defendants Andino & Febres, it is sufficient to say, as shown by the record, that the said partnership was in default and it is thus shown by the statement of the case and the opinion of the trial judge. That partnership did not appear at the trial of the case nor did it file an opposition to the claims of the intervenor. It can not be considered as a party aggrieved by the judgment appealed from.

''An appeal will not be. dismissed because notice was not served on a defaulted party, etc. . . . Banuchi v. Cabán, 32 P.R.R. 856, Pagán v. Sellés, 28 P.R.R. 148; Clarke v. Mork, 125 Cal. 540–543.''

The quotation from the syllabus in *Banuchi* v. *Cabán* is not complete. It reads in full as follows:

''An appeal will not be dismissed because notice was not served on a defaulted party who at the time of the attachment of the property involved in the action of intervention had sold it by a public deed, for he can not be considered as an aggrieved party.'' *Banuchi* v. *Cabán*, 32 P.R.R. 856.

That from *Pagán* v. *Sellés* does not support the contention of the appellant. It reads as follows:

''An appeal should not be dismissed because the notice of appeal was not served on certain defendants not shown by the record to have been summoned, or to have appeared voluntarily, or to have been adjudged in default. In such circumstances it can not be held that the said defendants were under the jurisdiction of the district court or that they are parties really interested in the appeal.'' *Pagán* v. *Sellés*, 28 P.R.R. 148.

And the point determined in the California case cited is as follows:

"A motion is also made on behalf of the respondent Hinckley to dismiss the appeal upon the ground that the notice of appeal was not served upon certain other defendants. The record does not show, however, that either of these defendants was served with the summons in the action, or appeared therein, and consequently service upon them of the notice was not required. (Code of Civ. Proc., sec. 1014.) Unless they had been brought before the superior court they would not be affected by its judgment, or by any reversal thereof by this court."

Such being the case and as it has not been shown that Andino & Febres were not an interested party in the action, they should have been given notice of the appeal, and as it is admitted that they were not so notified, the appeal should be dismissed also on that ground, in accordance with the law and the repeated jurisprudence of this Supreme Court. *Melchior, Armstrong, Dessau Co.* v. *Banco Comercial et al.*, 37 P.R.R. 734. The fact that the said partnership was in default and the fact that it set up no opposition to the allegations of the intervenor are not in themselves sufficient for a conclusion that it had no interest in the action.

By virtue of the foregoing the appeal should be dismissed.